Patricia T. DAUGHTREY, Appellant,

v.

The STATE of Texas, Appellee.

No. 52256.

Court of Criminal Appeals of Texas.

Dec. 15, 1976.

James A. Moore and Michael W. Eheman, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III and Hogan S. Stripling, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for resisting arrest, a Class A misdemeanor, under the provisions of V.T.C.A., Penal Code, § 38.03. Following a verdict of guilty, the court assessed appellant's punishment at thirty (30) days' confinement in the county jail and a fine of $150.00, but granted the appellant misdemeanor probation for one (1) year under the terms of Article 42.13, Vernon's Ann.C.C.P.

In her sole ground of error appellant challenges the sufficiency of the evidence to support the verdict.

The transcription of the court reporter's notes found in the record is entitled "Partial Statement of Facts." The certification of the court reporter shows the foregoing transcription of "all the testimony adduced that was reported *by me* upon the trial." (Emphasis supplied.) In the court's approval of the record the following excerpt is found: "I, Neil McKay, Judge of the County Criminal Court at Law No. 5, of Harris County, Texas, do hereby certify that the foregoing portion of the 196 pages comprise a ~~true, complete and~~ correct record in the above styled and numbered cause."

It is not clear just what part of the record is missing. We do note there does not appear to be a transcription of the court reporter's notes at the penalty stage of the trial, despite the fact that the order grant-

ing probation recites that the court heard further evidence on the issue of punishment following the jury verdict.

Prior to the 1965 revision of the Code of Criminal Procedure, it was well established that in absence of a complete statement of facts or transcription of the court reporter's notes this court could not pass upon a challenge to the sufficiency of the evidence. *Sellars v. State,* 401 S.W.2d 835 (Tex.Cr. App.1966); *Slade v. State,* 400 S.W.2d 570 (Tex.Cr.App.1966); *Beavers v. State,* 378 S.W.2d 329 (Tex.Cr.App.1964); *Sullivan v. State,* 377 S.W.2d 952 (Tex.Cr.App.1964).

In *Herbort v. State,* 422 S.W.2d 456 (Tex. Cr.App.1967), involving a case tried after the effective date of the 1966 Code of Criminal Procedure (January 1, 1966), it was held that in absence of the transcription of the court reporter's notes constituting the statement of facts on appeal or an agreed statement of facts as provided by Article 40.09, Vernon's Ann.C.C.P., this court could not pass upon the question of the sufficiency of the evidence.

Further, this court has held that where a defendant challenges the sufficiency of the evidence to sustain a conviction, evidence from the punishment stage, including a judicial confession by the defendant, is to be considered in deciding the question. *Richardson v. State,* 458 S.W.2d 665 (Tex.Cr. App.1970); *Boothe v. State,* 474 S.W.2d 219 (Tex.Cr.App.1971); *Garcia v. State,* 522 S.W.2d 203 (Tex.Cr.App.1975); *Jones v. State,* 532 S.W.2d 596 (Tex.Cr.App.1976). As stated in *Boothe* at p. 221:

> "It would be an exercise in futility to reverse such a case for insufficient evidence [at the guilt stage of trial] where the testimony of the appellant [judicial confession at penalty stage of trial] could be used against him on a retrial."

As earlier noted, no transcription of the court reporter's notes from the penalty stage is before us, and we are also unable to determine what other parts of the record may be missing.

It is the responsibility of a defendant, who is not an indigent and who was represented by retained counsel at trial and is represented by retained counsel on appeal, to obtain and pay for a transcription of the court reporter's notes and to furnish the transcription to the Clerk for inclusion in the record. *Dart v. State,* 515 S.W.2d 119 (Tex.Cr.App.1974). See also *Goodings v. State,* 500 S.W.2d 173 (Tex.Cr.App.1973). The record in the instant case does not reflect indigency on the part of the appellant, who appears to be represented by retained counsel.

 In absence of a complete transcription of the court reporter's notes, the question of the sufficiency of the evidence to sustain the conviction cannot be passed on.

The judgment is affirmed.