**James B. WHITAKER, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 13–81–295–CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 3, 1983.

Ken J. McLean, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before BISSETT, UTTER and KENNEDY, JJ.

## OPINION

UTTER, Justice.

In a jury trial, appellant was convicted of possession of methamphetamine. Punishment was assessed by the court at six years probation and a $1,000.00 fine. We previously sustained appellant's first ground of error, in which he contended that the trial court erred by allowing him no more than approximately fifty minutes to conduct individual questioning of some thirty-two panel members. The Court of Criminal Appeals, 653 S.W.2d 781, reversed our decision, however, and remanded the case back to this Court for consideration of appellant's other grounds of error. Issues to be discussed include (1) whether the evidence was sufficient to support appellant's conviction; (2) whether the evidence justified jury instructions on the law of parties; (3) whether a charge on parties was improperly included within a circumstantial evidence charge; (4) whether the court's charge on circumstantial evidence was properly given; and, (5) whether the jury should have been instructed that appellant's mere presence where contraband is found was insufficient to establish his possession of the contraband. We overrule appellant's grounds of error and affirm the judgment of the trial court.

In his second ground of error appellant contends that the evidence was insufficient to sustain his conviction.

Evidence adduced at trial established that appellant's name had been signed to an application to rent an apartment and to the subsequent Apartment Lease Contract at the location of this offense. The validity of the signature is not contested. Another name, in the same handwriting, was also listed under "other occupants" on the application.

Officer Robert Fleming of the Houston Police Department testified that he was working at another job as security for Oak Tree Apartments. His duties included being subject to call for "anything that requires police action." Officer Fleming further testified that on August 28, 1979, he knocked on appellant's door to return his dog; that the door was opened about 10 inches so that he could see four people in the room; that a pistol was beside one of the persons in the room; that he observed a table on which there were hypodermic syringes, a mirror, several packets of white powder, a spoon, an ash tray, and a couple of candles; that in his nine years experience as a police officer he had had occasion

to see items later found to be contraband so packaged; and that he then immediately moved inside the apartment and arrested the four people in the room.

After he had "secured the scene", appellant heard someone in the far bedroom or bathroom of the two-bedroom apartment, and directed the people he had placed under arrest to call out for the other person to reveal himself. Officer Fleming heard the person moving in the back part of the house. About a minute later, appellant emerged. After other police officers arrived, appellant signed a "Consent to Search Form." The search of the apartment revealed, inter alia, two plastic bags containing methamphetamine in the bathroom. One bag was underneath an overturned ash tray on top of the commode tank; the other bag was inside the commode tank, which had water in it. The powder inside both bags had "clumped together kind of in a glob from the moisture." Standing water lay beside the bag that had been placed underneath the ash tray, and the bag itself was also wet. Testimony was adduced that the normal state of methamphetamine when in such bags was "in a white crystaline [sic] powder form that can be either snorted or injected." One of the police officers testified that appellant appeared to be under the influence of narcotics. The jury was charged that they could find appellant guilty if they found that he intentionally and knowingly possessed methamphetamine.

In *Hernandez v. State,* 538 S.W.2d 127 (Tex.Cr.App.1976) the court stated as follows:

"To establish unlawful possession of a controlled substance the State must prove two elements: (1) that the accused exercised care, control, and management over the contraband, and (2) that the accused knew the matter possessed was contraband." [citations omitted].

■ Appellant's intent to promote and assist the commission of the offense may be inferred from his acts. *Romo v. State,* 568 S.W.2d 298 (Tex.Cr.App.1977). However, there must be evidence showing either directly or circumstantially that appellant knew or should have known of the presence of the contraband. *Hahn v. State,* 502 S.W.2d 724 (Tex.Cr.App.1973).

■ We hold that the previously cited evidence, especially considering the open use and access of the contraband, clearly shows that appellant must be charged with knowledge of the contraband. Whether appellant was properly charged with control of the contraband is, however, a closer question.

Appellant contends that the case of *Williams v. State,* 498 S.W.2d 340 (Tex.Cr.App. 1973) "is directly on all fours" with the case now before us. In *Williams,* police officers entered a trailer home pursuant to a search warrant which stated that the defendant and a number of other persons were staying at the trailer. The officers executed their search at 1:00 a.m. Several people were found in a living room area; the defendant was in the kitchen area. The search revealed heroin in one of the bedrooms. Appellant was observed to have needle marks on an "undetermined age" on his left arm. The defendant's conviction for possession of heroin was reversed because, the court noted, the evidence showed "at most" that: (1) the defendant did not personally possess narcotics; (2) appellant was not in exclusive possession of the trailer; (3) "close proximity" was not shown because the narcotics were in one bedroom and the defendant was in the kitchen; (4) the needle marks on the defendant's arm were not shown to be recent; and, (5) the only evidence that appellant occupied the premises were the facts (a) that the utility bills were in his name and (b) that he was present.

■ In the case before us, contraband was displayed openly in the living room. The circumstances underlying the discovery of the methamphetamine in the bathroom supply the affirmative, if circumstantial, links to appellant; certainly the jury was justified in believing that, beyond a reasonable doubt, appellant attempted to dispose of the methamphetamine under his control. *Hernandez v. State,* supra. We find the

evidence sufficient to support appellant's conviction, and therefore overrule his second ground of error.

Appellant's other grounds of error all assert errors in the court's charge to the jury. In his third ground of error appellant contends that the trial court erred "by instructing the jury on the law of parties when same was not raised by the evidence."

■ A defendant may properly be found guilty as a party if he is physically present at the commission of the offense, and encourages the commission of the offense either by words or other agreement. "In determining whether one has participated as a party, the trial court may look to events occurring before, during and after the commission of the offense and reliance may be placed on actions of the parties which show an understanding and common design to do a certain act. . . . One may be guilty as a party whether he aided in the commission of the offense or not." *Tarpley v. State*, 565 S.W.2d 525 (Tex.Cr.App.1978); *Bush v. State*, 506 S.W.2d 603 (Tex.Cr.App. 1974). And "[w]hile it is true that mere presence at the scene of an offense is not alone sufficient to support a conviction under the principles of V.T.C.A. Penal Code, Section 7.02(a)(2), it is a circumstance tending to prove guilt which, considered with other facts in evidence, may suffice to show that the accused was a participant." *Ashabranner v. State*, 557 S.W.2d 774 (Tex.Cr. App.1977).

■ We hold that there is substantial evidence in the record showing that the facts of this case raised the issue of whether appellant was guilty as a party. Appellant's third ground of error is overruled.

In his fourth and fifth grounds of error appellant contends that the trial court erred (1) "by incorporating a charge on parties within appellant's circumstantial evidence charge", and (2) "by instructing the jury relative to circumstantial evidence that the accused could be found guilty without finding that he alone, and no other person committed the offense charged." The jury was given a standard charge on circumstantial

evidence, except they were told that, in order to warrant a conviction on circumstantial evidence, that the facts and circumstances, taken together, had to produce "a reasonable certainty that the accused *either acting alone or as a party with another person or persons* committed the offense charged." [Emphasis added]

■ In support of his argument, appellant cites the case of *Montgomery v. State*, 157 Tex.Cr.R. 44, 246 S.W.2d 209 (1952), where "the trial court prefaced his instruction to the jury on the law of circumstantial evidence as follows: 'In this case the State relies upon circumstantial evidence to prove that the check in question was a forged check. . . .'" This constituted reversible error because the trial judge told the jury what types of evidence supported an isolated essential element; to single out a single fact in the case and instruct the jury on circumstantial evidence as to that fact alone would be an erroneous comment on the weight of the evidence. In the case before us, no single fact or element of the crime was singled out, and no error is shown. Appellant's first argument is overruled.

■ Appellant next contends that the previously emphasized portion of the charge should have stated that the accused "and not another person" committed the offense (rather than expanding the criminal liability to include the law of parties) in conjunction with the long-standing model charge on circumstantial evidence.

This argument was overruled in the case of *Odell v. State*, 95 Tex.Cr.R. 360, 254 S.W. 977 (1923), where the Court stated:

"When there is evidence supporting a theory that the accused and others committed the offense, it would be an error against the state for the court to instruct the jury that they must believe to a reasonable and moral certainty that the accused 'and no other person' committed the offense."

Language, incorporating the law of parties in a circumstantial evidence charge, was also approved in the case of *Grego v.*

*State,* 456 S.W.2d 123 (Tex.Cr.App.1970). Appellant's fourth and fifth grounds of error are overruled.

In his sixth and final ground of error appellant contends that the trial court erred by denying his requested instruction that "mere presence at a place where a controlled substance is found is insufficient to show possession of such controlled substance." The jury was instructed that "[m]ere presence alone will not constitute one a party to an offense." Appellant argues that he is entitled to an affirmative instruction on this issue because it was a defensive theory raised by the evidence. Failure by the trial judge to instruct the jury as appellant requested was not reversible error if the charge as a whole, including the instructions on the law of circumstantial evidence, was sufficient to adequately protect appellant's rights. *Gonzales v. State,* 466 S.W.2d 772 (Tex.Cr.App.1971). The trial judge also instructed the jury that the term "possession" meant "actual care, custody, control, or management", and charged them that they could not convict appellant unless they believed beyond a reasonable doubt that he, acting alone or as a party, intentionally or knowingly possessed methamphetamine. "By so charging the jury, the court informed them that mere presence at the place where the contraband was found would not be a sufficient basis in the evidence to convict." *Dabbs v. State,* 507 S.W.2d 567 (Tex.Cr.App.1974). We find the charge as given was sufficient to protect appellant's rights.

All of appellant's grounds of error are overruled, and the judgment of the trial court is AFFIRMED.