**Colin CAMERON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–85–036–CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 27, 1985.

Armando Cavada, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

DORSEY, Justice.

Appellant was convicted by a jury of possession of methamphetamine, a controlled substance, sentenced to ten years in the Texas Department of Corrections and assessed a $10,000.00 fine. The sentence was probated.

Appellant's first ground of error challenges the sufficiency of the evidence to support the jury's verdict that he was guilty of intentionally and knowingly possessing methamphetamine. Possession is the "actual care, custody, control, or management" of the controlled substance. TEX.PENAL CODE ANN. § 1.07(a)(28) (Vernon 1974).

On October 4, 1984, the police executed a search warrant of appellant's residence. The search resulted in the seizure of a vial containing methamphetamine from the purse of Sharon Stanford, several syringes, and a vial of an unknown liquid that was found not to be a controlled substance. The purse was found in an upstairs bedroom. Three persons were present when the police arrived: appellant, Sharon Stanford, and Mick McCall. As far as we can ascertain, McCall and appellant were upstairs and Sharon Stanford was downstairs when the police entered. The only methamphetamine or controlled substance found was that taken from Mrs. Stanford's purse. The seized drug was tested and admitted into evidence.

Mrs. Stanford testified for the State identifying the purse as hers in which the contraband was found. She admitted that she had been at the appellant's residence for a number of hours, that she did not bring methamphetamine with her when she arrived, that the appellant had some and showed her, and that she, Mr. McCall and the appellant had all injected methamphetamine earlier that evening. However, she did not testify to whom the drugs belonged that were seized from her purse. Although she testified that she did not have drugs in her possession when she arrived, no explanation of her later possession was given.

In reviewing the sufficiency of the evidence, the relevant standard is one developed by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), to wit: "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. at 319, 99 S.Ct. at 2789; *McGoldrick v. State*, 682 S.W.2d 573, 577 (Tex. Crim.App.1985); *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984). That standard for review on appeal is the same for both direct and circumstantial evidence cases. *McGoldrick*, 682 S.W.2d at 577; *Wilson v. State*, 654 S.W.2d 465 (Tex.Crim. App.1983).

"[I]f the evidence supports an inference other than the guilt of the appellant, a finding of guilt beyond a reasonable doubt is not a rational finding." Similarly, "if there is a 'reasonable hypothesis' other than the guilt of the accused, then it cannot be said that the guilt has been shown 'beyond a reasonable doubt.'" *McGoldrick*, 682 S.W.2d at 577; *Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim.App.1984); *Denby v. State*, 654 S.W.2d 457 (Tex.Crim.App. 1983); *Oaks v. State*, 642 S.W.2d 174, 179 (Tex.Crim.App.1982).

The evidence in the instant case raises the reasonable hypothesis that Sharon Stanford was in possession and control of the drugs that were in her purse when they were seized. She did not deny that they were hers; only that she did not have the drugs when she arrived. The source of the drugs could have been any of three persons present. Stanford did not testify that the drugs belonged to appellant.

The State argues that the testimony of Sharon Stanford is sufficient in and of itself to prove at least joint possession of the drugs. The evidence must affirmatively link the accused to the contraband in such a manner that it can be concluded that he had knowledge of the contraband as well as control over it. *Nunn v. State*, 640 S.W.2d 304 (Tex.Crim.App.1982). "'Possession' means more than being where the action is; it involves the exercise of dominion and control over the thing actually possessed." *McGoldrick*, 682 S.W.2d at 578. Mere presence at the place where the contraband is found, if it is not in plain view, does not by itself justify a finding of possession. *Meeks v. State*, 692 S.W.2d 504 (Tex.Crim.App.1985); *McGoldrick*, 682 S.W.2d at 578; *Woods v. State*, 533 S.W.2d 16 (Tex.Crim.App.1976); *Hernandez v. State*, 517 S.W.2d 782 (Tex.Crim.App.1975); *Meyers v. State*, 665 S.W.2d 590 (Tex.App. —Corpus Christi 1984, pet. ref'd).

We fail to find any evidence that links the seized drugs that form the basis of this prosecution to the appellant. Appellant

was not shown to have exercised any control over the seized methamphetamine. *Flores v. State,* 650 S.W.2d 429 (Tex.Crim. App.1983); *Rhyne v. State,* 620 S.W.2d 599 (Tex.Crim.App.1981).

Although there is evidence that appellant had earlier possessed methamphetamine and that he and the two others present used the drugs sometime earlier in the evening, we do not think that such is sufficient to establish that appellant was guilty of actual possession of the seized vial of drugs that formed the basis for this prosecution. *Nunn,* 640 S.W.2d at 305.

"Proof which amounts only to a strong suspicion or mere probability is insufficient.... From these facts only a strong suspicion is created that appellant was guilty of the offense charged. This is insufficient to sustain the conviction." *Oaks,* 642 S.W.2d at 179. Appellant's first ground of error is sustained. Because the evidence is insufficient to support the conviction, there can be no further prosecution of this cause. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Flores v. State,* 650 S.W.2d 429 (Tex.Crim.App.1983) As this is dispositive of the appeal, we decline to address appellant's remaining ground of error.

The judgment of the trial court is REVERSED, and the appellant is ORDERED ACQUITTED.

NYE, Chief Justice, dissenting.

I respectfully dissent. The majority reverses appellant's conviction based on a lack of sufficient evidence to show that appellant possessed the methamphetamine seized at his residence. The majority failed to give proper weight to the State's evidence.

In testing the sufficiency of the evidence to support a conviction, we must view the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found, beyond a reasonable doubt, the essential elements of the offense charged. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *McGoldrick v. State,* 682 S.W.2d 573, 577 (Tex.Crim.App.1985); *Westfall v. State,* 663 S.W.2d 664, 666 (Tex. App.—Corpus Christi 1983, no pet.). To prove the offense of possession of a controlled substance, the prosecution must show (1) care, custody, control, or management over the contraband by the accused, and (2) knowledge of the accused that the substance was contraband. *Dubry v. State,* 582 S.W.2d 841, 843 (Tex.Crim.App. 1979).

When appellant's residence was searched, the police found evidence of methamphetamine use throughout the premises. Sharon Stanford's purse yielded the two vials of methamphetamine, a spoon, and about eight syringes. The kitchen garbage can produced about fifteen syringes and about ten glass vials. The jacket of a man's business suit contained another glass vial, and a man's white shirt contained a syringe. Both the jacket and the shirt were hanging "in the upstairs bedroom in the closet" of appellant's room. In addition to the physical evidence, Sharon Stanford testified for the State that she had no methamphetamine, that appellant had some, showed it to her, and injected himself and her with the drug. Lieutenant Brink, the police officer in charge of the search, testified without contradiction that the location which was searched was appellant's residence.

From all this evidence, the jury reasonably could have found beyond a reasonable doubt, and did find, that appellant possessed the methamphetamine. Looking at the elements of the offense, it was clear that appellant had knowledge of the presence of the drugs, from Sharon Stanford's testimony and from the physical evidence of the drug's use found throughout appellant's residence. *See Whitaker v. State,* 660 S.W.2d 615, 617 (Tex.App.—Corpus Christi 1983, no pet.). The *care,* custody, control, *or management* over the methamphetamine was evidence from Stanford's testimony as well. She said that she had no methamphetamine when she arrived at

appellant's residence with Mick McCall, but that appellant had some methamphetamine and showed it to her. He later injected her with it. A rational jury could reasonably have found that appellant was at least jointly managing the possession and usage of methamphetamine at his residence, or that it was in his care. The fact that the methamphetamine was in Stanford's purse when the police located it does not negate at least a joint possession of the drugs by appellant and Stanford. There was undisputed evidence that the appellant was upstairs with Mick McCall when the police gained entry, and that Sharon Stanford was downstairs checking to see who was at the door.

Since the majority reverses on the question of sufficiency of the evidence, they do not reach the question of error in the trial court's refusal to declare a mistrial. However, I would also affirm on this ground of error.

The State, early in the trial, sought to establish probable cause for searching appellant's residence. The questions to Lieutenant Brink went as follows:

Q  Did you have a basis for securing an affidavit to search that residence?

A  Yes, ma'am. I did.

Q  And what were the basis for your securing an affidavit for search?

A  The information first came to my attention—A juvenile officer brought over the—

Counsel for appellant then objected to any testimony that would be hearsay. He later objected that it was also irrelevant. After discussion, appellant's counsel added an objection that the information would be prejudicial. However, apparently since the State's prosecutrix stated that appellant had raised the issue of probable cause, the trial court overruled the objections and gave a limiting instruction to the jury. Lieutenant Brink then testified, "Richard White, the juvenile officer, brought me a police report on an overdose to a 15 year old—" Counsel for appellant then renewed his objection on the grounds of prejudice, which objection was sustained. The jury was cautioned to disregard the testimony. Appellant then moved for a mistrial, stating the jury could not recover from prejudice caused by Lieutenant Brink's remark. The trial court overruled the motion, and again instructed the jury to disregard the statement.

It is a well-settled rule in Texas that any error in admitting improper testimony is cured by the trial court's instruction to the jury to disregard the testimony, "except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds." *Allen v. State*, 513 S.W.2d 556, 557 (Tex.Crim.App.1974); *Firo v. State*, 654 S.W.2d 503 (Tex.App.—Corpus Christi 1983, no pet.). I would hold that the testimony, while prejudicial, was not so calculated to inflame the minds of the jurors as to require a mistrial. Not only was the remark left unfinished, but it was not any more shocking to a jury than the *Allen* case from the Texas Court of Criminal Appeals and cases cited therein.

I would overrule both of appellant's grounds of error and affirm his conviction by the jury.