Joseph Anthony **WINTER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–86–00031–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 18, 1986.

Rehearing Denied Feb. 19, 1987.

---

George Jacobs, Houston, for appellant.

John Holmes, Harris Co. Dist. Atty., Winston E. Cochran, Jr., Michael Shelby, Asst. Dist. Attys., Houston, for appellee.

Before SAM BASS, COHEN and DUNN, JJ.

## OPINION

DUNN, Justice.

This is an appeal of a conviction for possession of less than two ounces of marijuana. A jury found appellant guilty and assessed punishment at confinement for 180 days, probated for 180 days, and a fine of $1,000.

Appellant brings three points of error.

Appellant's first point of error contends that the trial court committed error by not instructing the jury to return a verdict of not guilty at the conclusion of the State's case, as the evidence was insufficient to show appellant committed the offense of possession.

Houston Police Officer S.C. Boyce testified that he and his partner observed four cars blocking Silverline Street around 12:45 a.m. on November 2, 1985. Seven people, including appellant, were standing around the cars. When Boyce approached the cars, he saw a tray of "green leafy residue" on the back of one of the cars. Boyce believed that the "green leafy residue" was marijuana. Boyce testified that he shined his flashlight into a Buick, saw on the console of the front seat a plastic bag containing a green leafy substance, opened the car door, and retrieved the bag. He also testified that the appellant was standing next to the driver's side of the car. The door was closed. He said that he checked the registration of the Buick and discovered that the car was registered to James C. Winter. Officer Boyce's partner, Mark W. Stephens, testified as to finding marijuana in the car.

At the close of the State's case, the appellant moved for an instructed verdict based on insufficient evidence. The court at first granted the instructed verdict but later, over appellant's objection, withdrew its order and allowed the State to reopen

its case. Further testimony was then introduced, through Boyce, that he asked the appellant "whose car this was," and that he got "a response" from appellant. Boyce did not say what the response was. Boyce was then asked, "after you got that response, what, if anything, did you do?" Boyce answered, "I placed the defendant under arrest for possession of marijuana." Later, on being asked if he directed other questions to the appellant, Boyce stated that he asked appellant "[w]ho the marijuana that I recovered from the car belonged to." He again testified that the appellant "responded" to this question. He did not say what the response was, but testified that as a result of the response, he placed him under arrest. The appellant again requested an instructed verdict, and it was denied.

The appellant did not testify during the guilt-innocence stage of the trial. However, appellant did testify at the punishment phase of the trial that the car belonged to his father; that he had been riding in the car that night; that the marijuana did not belong to him; and that he did not know about the marijuana until after the car stopped, and his friend took some marijuana out of a box that the friend had with him that contained a game. Officer Boyce also testified at the punishment stage as follows:

> [Officer Boyce]: I asked him whose marijuana it was there in the car.
>
> [Prosecutor]: What did he tell you when you asked that question as to whose bag of marijuana it was?
>
> [Officer Boyce]: He told me that it was his.

■ Generally, the law in Texas is that if a defendant does not testify at the guilt stage of the trial, but does testify at the punishment phase of the trial *and* admits his guilt to the crime for which he has been found guilty, he has for legal purposes entered the equivalent of a plea of guilty. Such a defendant waives a challenge to the sufficiency of the evidence, and waives any non-jurisdictional error that might have occurred during the trial. *DeGarmo v.*

*State,* 691 S.W.2d 657, 661 (Tex.Crim.App. 1985).

■ In this case, the appellant *did not testify* at the guilt stage of the trial, but *did testify* at the punishment phase of the trial. However, *he did not admit guilt to the crime for which he had been found guilty.* Therefore, the appellant has not waived the error complained of, nor has he waived his challenge to the sufficiency of the evidence. Thus, we will consider only the evidence introduced at the guilt stage of the trial to determine if there is sufficient evidence to support the verdict.

In determining sufficiency of the evidence, the evidence is to be viewed in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Chambers v. State,* 711 S.W.2d 240, 245 (Tex.Crim.App. 1986); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (op. on reh'g).

■ To prove unlawful possession of a controlled substance, the State must prove: (1) that appellant exercised care, custody, control, and management over the substance; and (2) that appellant knew the substance was contraband. *Rhyne v. State,* 620 S.W.2d 599 (Tex.Crim.App.1981); *Naquin v. State,* 607 S.W.2d 583 (Tex. Crim.App.1980). Possession describes the accused's relationship to the property. *Phelps v. State,* 623 S.W.2d 936, 937 (Tex. Crim.App.1981).

■ Where there is an absence of direct evidence that an accused was in exclusive possession of a narcotic, the possession, if any, must be proven by circumstances tending to connect the accused to the offense. *Abercrombie v. State,* 528 S.W.2d 578, 587 (Tex.Crim.App.1974); *Collini v. State,* 487 S.W.2d 132, 135–136 (Tex. Crim.App.1972). Various facts and circumstances may be used to prove that the accused and another acted together in jointly possessing a controlled substance. *Oaks v. State,* 642 S.W.2d 174, 176 (Tex.Crim. App.1982). However, mere presence at the

scene of an offense, or even knowledge of an offense, does not make one a party to joint possession. *Waldon v. State,* 579 S.W.2d 499, 501 (Tex.Crim.App.1979).

■ The evidence must affirmatively link the accused to the offense in such a manner and to such an extent that a reasonable inference arises that the accused knew of the contraband's existence *and* exercised control over it. *Dubry v. State,* 582 S.W.2d 841, 843 (Tex.Crim.App.1979). However, the circumstances affirmatively linking the accused must also exclude alternative reasonable hypotheses beyond a reasonable doubt, because a finding of guilt is not a rational finding if the evidence supports an inference other than appellant's guilt. *Wilson v. State,* 654 S.W.2d at 471; *Freeman v. State,* 654 S.W.2d 450, 456–457 (Tex.Crim.App.1983) (op. on reh'g); *Oaks v. State,* 642 S.W.2d at 179; *Cameron v. State,* 703 S.W.2d 254 (Tex.App.—Corpus Christi 1985, pet. ref'd).

■ The State attempts to prove control and knowledge by a possible inference to be drawn by the trier of fact in support of the officer's arrest of the appellant, induced from an *inferred response* of the appellant. There are no direct facts to support these inferences. In this case, appellant was in the area where the drug was found, but was not found to be in personal possession or exercising control over the marijuana. There is no evidence showing that the appellant owned or had control over the automobile, even though his last name was the same as that of the registered owner. There was no evidence of furtive gestures toward the contraband, no attempt to escape, no evidence that the appellant was under the influence of marijuana or other drugs, and no incriminating statements. *Compare Reyes v. State,* 575 S.W.2d 38 (Tex.Crim.App.1979); *Humason v. State,* 699 S.W.2d 922 (Tex.App.—Houston [1st Dist.] 1985, pet. pending). The evidence in the present record amounts to a suspicion of guilt through the stacking of inferences, and is, therefore, insufficient to sustain the conviction. *Oaks v. State,* 642 S.W.2d at 179.

After viewing the evidence in the light most favorable to the prosecution, we find that there is insufficient evidence to support the essential elements of the crime beyond a reasonable doubt.

Appellant's first point of error is sustained.

Because of our ruling on appellant's first point of error, we need not address his second and third points of error.

The judgment of conviction of the appellant, Joseph Anthony Winter, is reversed and reformed to show acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

COHEN, J., concurs.

COHEN, Justice, concurring.

I agree with the majority that the evidence introduced at the guilt stage of the trial was insufficient to prove beyond a reasonable doubt that the appellant knowingly possessed marihuana. However, I disagree with the majority in its treatment of the appellant's admissions made while testifying at the punishment stage of the trial.

The appellant testified at the punishment stage that the car in which the marihuana was found belonged to his father, who allowed him to use the car; that he had been driving and riding in the car that night; and that he knew at least 30 minutes before the arrest that there was marihuana placed in the car by his companion, and he did not remove it. This evidence establishes an affirmative link between the appellant and the marihuana that was never proved during the guilt stage of the trial. The majority recognizes the rule that a defendant's testimony at the punishment stage of a trial can be considered in determining the sufficiency of the evidence, and if the defendant admits his guilt at the punishment stage, that will cure the absence of proof from the guilt stage of the trial. Nevertheless, the majority does not apply that rule to uphold this particular judgment, because the defendant did not make an unequivocal judicial confession,

but only testified to certain incriminating facts, while still denying that the marihuana belonged to him. The majority cites *DeGarmo v. State*, 691 S.W.2d 657 (Tex. Crim.App.1985), for the proposition that only the defendant's unqualified confession at the punishment stage can cure insufficient evidence.

In my opinion, *DeGarmo* and other authorities are not so limited and, in fact, allow an appellate court to consider all of the evidence at the punishment stage, not only judicial confessions, in determining the sufficiency of the evidence. However, I further believe that this court-made rule violates the United States and Texas Constitutions and Tex.Code Crim.P.Ann. art. 1.10 (Vernon 1977), because it subjects the defendant to double jeopardy.

In *DeGarmo*, the Court of Criminal Appeals unanimously upheld a death penalty and rejected a challenge to the sufficiency of the evidence, in part because it was waived by the defendant's unequivocal confession of guilt during the punishment stage of the trial. The waiver holding was not essential to the affirmance, because the court immediately thereafter considered the sufficiency challenge on its merits and rejected it on that basis as well. *DeGarmo*, 691 S.W.2d at 661. Nevertheless, the court recognized the broad scope of the rule allowing all evidence from the punishment stage to be considered. It wrote:

> Further, it has long been the law of this State that in reviewing the sufficiency of the evidence, this court will look to *all of the evidence in the case that was adduced at both stages of the trial* and not just that offered by the State. Thus, evidence presented at the punishment stage of the trial may be considered in determining whether the evidence is sufficient to sustain a guilty verdict for the primary offense.

691 S.W.2d at 661 (emphasis added) (citation omitted).

In *Daughtrey v. State*, 544 S.W.2d 158 (Tex.Crim.App.1976), the court held that, "evidence from the punishment stage, *including* a judicial confession by the defendant, is to be considered in deciding the question" of sufficiency of the evidence. 544 S.W.2d at 159 (emphasis added). Although every case cited for this proposition in *Daughtrey* involved an unequivocal confession at the punishment stage, the above language from *Daughtrey* and *DeGarmo* convinces me that current Texas law allows an appellate court to consider all evidence from the punishment stage that establishes guilt. This includes evidence that shows an affirmative link between the defendant and a controlled substance. Therefore, if this rule of appellate review were constitutional, I would uphold appellant's conviction, because his own testimony showed affirmative links that were sufficient, taken with the evidence at the guilt stage of the trial, to prove that he knowingly possessed marihuana. Such a holding, however, would be unconstitutional.

The reason for including evidence from the punishment stage in deciding if the evidence is sufficient was cogently stated in *Boothe v. State*, 474 S.W.2d 219, 221 (Tex.Crim.App.1971):

> It would be an exercise in futility to reverse such a case for insufficient evidence when the testimony of the appellant [at the punishment stage] can be used against him on a retrial.

This reasoning is obsolete. When *Boothe* and many other cases applying the rule were decided, a reversal for insufficient evidence required the remedy of a remand to the trial court for a new trial. This remedy was held unconstitutional in 1978 in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1, and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15. The Supreme Court held that it violated the prohibition against double jeopardy to try a criminal defendant again after the State had once failed to present sufficient evidence. In *Burks*, the Court held that an appellate judgment of acquittal was the sole remedy once the evidence was found insufficient. The Court reached this result even though the appellant had moved for a new trial, and on appeal, had admitted the factual elements of the charge against him. 437 U.S. at 3, 98 S.Ct. at 2143. The Court held that it did not

matter that Burks had sought a new trial as one of his remedies, or even as his sole remedy, because, "it can not be meaningfully said that a person 'waives' his right to a judgment of acquittal by moving for a new trial." 437 U.S. at 17, 98 S.Ct. at 2150. The Court refused to allow any remedy except an acquittal, not even the limited hearing ordered by the court of appeals for the district court to decide whether a new trial should take place. The court used extremely blunt and uncompromising language:

> The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding.[6]

6. We recognize that under the terms of the reamnd in this case, the district court might very well conclude, after "a balancing of the equities" that a second trial should not be held. Nonetheless where the Double Jeopardy Clause is applicable, its sweep is absolute. There are no "equities" to be balanced, for the Clause has declared a constitutional policy, based on grounds which are not open to judicial examination.

437 U.S. at 11, 98 S.Ct. at 2147.

Chief Justice Burger was the author of the opinion, which was unreservedly joined by every justice participating, including now Chief Justice Rehnquist. Nevertheless, Texas courts after *Burks* have continued to apply the rule that allows the State's failure to present sufficient evidence at the guilt stage to be cured by presenting the missing evidence at the punishment stage of trial.

The reason I would hold the rule unconstitutional is that once a judge erroneously overrules a motion for acquittal, based on insufficient evidence at the guilt stage of the trial, any proceedings thereafter are void. The State, having failed to present sufficient evidence, should not be given a second chance to prove guilt at the punishment stage. The double jeopardy clause protects not only against a second punishment, but against a second jeopardy; that is, after the defendant has been once put in jeopardy at the guilt stage of the trial, and the State's proof has failed, the State has no right to conduct a punishment hearing, and none would be conducted under those circumstances, except for the judge's error in overruling the motion for acquittal. Consequently, when an appellate court uses evidence from the punishment stage to cure insufficiency of the evidence at the guilt stage, it is using evidence presented in a void proceeding, and such evidence is itself void.

This scenario was foreseen by Presiding Judge Onion. In his concurring opinion in *Gordon v. State*, 651 S.W.2d 793, 797 (Tex. Crim.App.1983), he wrote:

> *Boothe* and *Richardson* and other cases cited dealt with the sufficiency of the evidence, where the defendant had admitted guilt only at the penalty stage of the trial, and reversal for lack of sufficient evidence would mean use of his testimony at any retrial. These cases may well be questioned in light of *Burks v. United States*, (citation omitted) and *Greene v. Massey*, (citation omitted), *particularly if a motion for instructed verdict is erroneously overruled at the guilt stage of the trial.* (Emphasis supplied.)

That is what happened in this case.

The Court of Criminal Appeals has apparently reconsidered and upheld this obsolete rule in *DeGarmo*, where it expressly declined an "invitation to overrule the above principles of law regarding waiver of a challenge to the sufficiency of the evidence...." 691 S.W.2d 661. This, in my respectful opinion, denies valuable rights guaranteed under the Fifth Amendment to the United States Constitution; under article one, section 14 of the Texas Constitution; and under article 1.10 of the Code of Criminal Procedure.

Both the Texas constitutional provision and the statute provide:

> No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction.

When a trial judge erroneously overrules a motion for instructed verdict of acquittal, then a defendant, upon the commencement

of the punishment stage, is being again put in jeopardy for the same offense, after a verdict of not guilty should have been rendered. That error is compounded if evidence from the void punishment hearing is used to prove essential facts, the absence of which during the guilt stage should have resulted in a directed verdict of not guilty.

I would hold that using punishment stage evidence to cure insufficient evidence at the guilt stage violates the Texas and United States Constitutions and Texas statutes. The reason for the rule ended on June 14, 1978, when *Burks* and *Greene* were decided, and now the rule should be interred. Because this would result in the same disposition that the majority has reached, I concur in the judgment.