**Kellye Marie McCARTY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–89–005–CR.**

Court of Appeals of Texas,
Fort Worth.

April 18, 1990.

Rehearing Overruled May 8, 1990.

Jim Shaw, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Cindy Singleton, Asst. Dist. Atty., Fort Worth, for State.

Before FARRIS, LATTIMORE and MEYERS, JJ.

## OPINION

FARRIS, Judge.

Kellye Marie McCarty was convicted by a jury of aggravated possession of a controlled substance to-wit: amphetamine. Formerly TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 4.041(a), (c) (Vernon Supp. 1989), and sec. 4.02(d)(1)(A) (Vernon 1976) (now codified at TEX. HEALTH & SAFETY CODE ANN. secs. 481.116(a), (c) and 481.103(a)(3) (Vernon Pamph.1990)). The jury sentenced McCarty to seven years in the Texas Department of Corrections, probated, and a suspended $5,000 fine.

McCarty raises three points of error on appeal. We will discuss only her first point of error regarding the sufficiency of the evidence because that point alone warrants reversal of the case and a judgment of acquittal.

During the morning on January 16, 1986, officers of the Tarrant County Narcotics Task Force obtained a search warrant and that same evening, conducted a search of the residence occupied by appellant, Kellye McCarty, and Robert "Bubba" Smith. At the time of the search, four persons were located in the house. While the search was being conducted, all four were handcuffed and detained in the living room. A search of a laundry hamper in the bathroom off the master bedroom revealed a red nylon bag containing 50.95 grams of amphetamine. There was mostly women's clothing in the hamper and mostly women's cosmetics in the bathroom. McCarty had $293 on her when she was arrested for possession of amphetamine.

 In reviewing the sufficiency of the evidence in either a direct or circumstantial evidence case, we must view the evidence in the light most favorable to the prosecution and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. State,* 672 S.W.2d 801, 803 (Tex.Crim.App.1984); *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App.1984) (opinion on reh'g); *Wilson v. State,* 654 S.W.2d 465, 471–72 (Tex.Crim.App.1983) (opinion on reh'g). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). However, a conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the defendant. *Johnson v.*

*State*, 673 S.W.2d 190, 195 (Tex.Crim.App. 1984); *Jackson*, 672 S.W.2d at 803.

■ In order to sustain a conviction for possession of a controlled substance, the State must meet at least two evidentiary requirements: (1) the accused exercised care, control, and management over the substance, and (2) the accused knew that what he possessed was contraband. *Humason v. State*, 728 S.W.2d 363, 364 (Tex. Crim.App.1987). However, knowledge of something's existence does not constitute control of it. *Brady v. State*, 771 S.W.2d 734, 736 (Tex.App.—Fort Worth 1989, no pet.). Furthermore, where the accused is not shown to be in exclusive control or possession of the place where the contraband is found, it cannot be concluded that he had knowledge and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband. *Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Crim.App. [Panel Op.] 1981). In addition, the circumstances affirmatively linking the accused to the contraband must also exclude alternative reasonable hypotheses beyond a reasonable doubt, because a finding of guilt is not rational if the evidence supports an inference other than appellant's guilt. *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1983); *Winter v. State*, 725 S.W.2d 728, 731 (Tex.App. —Houston [1st Dist.] 1986, no pet.).

At the time the search was executed, McCarty resided in the house with Smith; therefore, additional facts to show an affirmative link are necessary. Neither appellant nor Smith testified during the guilt/innocence stage of trial; however, both testified during the punishment stage. McCarty testified that: she did not know the drugs were in there; Smith kept his dirty clothes in the hamper in the bathroom connected to her bedroom because it was the only hamper in the house; Smith did not do drugs in front of her but she suspected he smoked pot; and no one else stayed in the bedroom with her.

Smith testified that he and McCarty both used the bathroom; McCarty did not know about the amphetamine; he put the amphetamine in the hamper; he always moved the drugs around; there were a lot of drugs and drug paraphernalia all over the house; he would sell dope to ten to fifteen people a day at the house; and he pleaded guilty to aggravated possession because he was guilty.

■ While the evidence presented at the punishment stage of the trial strongly supports the conclusion that the evidence was insufficient to support a guilty verdict for McCarty, we will not consider this evidence because of the holding in *Winter*, 725 S.W.2d at 730. In *Winter*, the court wrote:

Generally, the law in Texas is that if a defendant does not testify at the guilt stage of the trial, but does testify at the punishment phase of the trial *and* admits his guilt to the crime for which he has been found guilty, he has for legal purposes entered the equivalent of a plea of guilty. Such a defendant waives a challenge to the sufficiency of the evidence, and waives any non-jurisdictional error that might have occurred during the trial. *DeGarmo v. State*, 691 S.W.2d 657, 661 (Tex.Crim.App.1985).

In this case, the appellant *did not testify* at the guilt stage of the trial, but *did testify* at the punishment phase of the trial. However, *he did not admit guilt to the crime for which he had been found guilty.* Therefore, the appellant has not waived the error complained of, nor has he waived his challenge to the sufficiency of the evidence. Thus, we will consider only the evidence introduced at the guilt stage of the trial to determine if there is sufficient evidence to support the verdict.

*Id.* at 730 (emphasis in original).

■ In the present case, McCarty testified at the punishment stage of trial but did not admit her guilt, therefore, we will only consider the evidence presented at the guilt/innocence stage of the trial. That testimony revealed: McCarty was at the residence when it was searched; the amphetamine was found in a clothes hamper in the bathroom connected to the master bedroom which she occupied and which could only be reached by going through her

bedroom; the hamper contained mostly women's clothing while her roommate was a male; mostly women's cosmetics were found in the bathroom; women's clothing was found in the closet of the master bedroom; there was no evidence of drug use by McCarty; and she had $293 on her person when she was arrested. The State further contends the affirmative links between McCarty and the amphetamine eliminate any reasonable hypothesis that she was not aware the amphetamine was in her bathroom. We disagree. The State has failed to show that McCarty exercised care, control, and management over the substance.

The facts, which the State claims establish an affirmative link between McCarty and the amphetamine, do not exclude as a reasonable hypothesis that there were men's clothing in the hamper and/or men's toiletries in the bathroom and it was Smith who put the amphetamine in the hamper. To put it another way, the possibility that Smith put the amphetamine in the hamper is reasonably consistent with all of the evidence upon which the State relies to prove its circumstantial case.

We cannot say the evidence is sufficient to affirmatively link McCarty to the amphetamine. McCarty's attack on the sufficiency of the evidence is sustained.

We reverse the judgment of the trial court and remand it with an instruction to enter a judgment of acquittal.

MEYERS, J., dissents.

MEYERS, Judge, dissenting.

I respectfully dissent from the majority's holding. As stated in their opinion, we must view the evidence in the light most favorable to the prosecution and consider whether any rational trier of fact could have found essential elements of the crime beyond a reasonable doubt. *See Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim.App. 1984). However, a conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except of guilt of the defendant. *Johnson v. State*, 673 S.W.2d 190, 195 (Tex.Crim.App.1984).

The State has to clear two hurdles in order to sustain the present conviction because it involved the possession of a controlled substance. First, they must show the accused exercised care, control, and management over the substance, and secondly, the accused knew that what he/she possessed was contraband. *Humason v. State*, 728 S.W.2d 363, 364 (Tex.Crim.App. 1987). Under *Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Crim.App. [Panel Op.] 1981), the State had the additional burden to present independent facts and circumstances which affirmatively linked her to the contraband since she was not in exclusive control or possession of the residence where the amphetamines were found.

The State, in its brief, enumerates a long list of evidence produced at trial to affirmatively link the defendant exclusively to the drugs. The evidence which the State brought to our attention was the following:

(1) appellant was at the place searched at the time of the search;

(2) appellant was seen coming and going from the residence;

(3) the amphetamines were found in a clothes hamper in a bathroom connected to appellant's bedroom, the bathroom could only be reached by going through appellant's bedroom;

(4) the hamper contained mostly women's clothing, while appellant's roommate was a male;

(5) both appellant's and her co-tenant's signatures were on the lease;

(6) both lived at the residence;

(7) appellant used the master bedroom exclusively;

(8) women's cosmetics were found in the bathroom;

(9) women's clothing was in the closet of the master bedroom;

(10) drugs and drug paraphernalia were found all over the house;

(11) heavy drug trafficking was occurring at the house;

(12) one person leaving the residence (while appellant was inside) was armed;

(13) appellant had $293 on her person when she was arrested;

(14) sizable amounts of narcotics were kept at the residence; and

(15) it was a sizable amount of amphetamine that was seized.

None of these factors, if considered in isolation, would be sufficient to establish an affirmative link between appellant and the amphetamine, but when considered as a whole, the evidence is convincing. It is not necessary that every fact point directly and independently to the guilt of the accused; it is enough that the conclusion of guilt is warranted by the combined and cumulative force of all the incriminating circumstances. *Hooker v. State*, 621 S.W.2d 597, 601 (Tex.Crim.App. [Panel Op.] 1980); *Vaughn v. State*, 607 S.W.2d 914, 921 (Tex.Crim. App. [Panel Op.] 1980). The affirmative links between appellant and the amphetamines eliminate any reasonable hypothesis that appellant was unaware that the amphetamines were in her bathroom. It is not plausible to think that appellant was not aware that narcotics were kept in the house with the amount of activity that was occurring in the residence. *Compare Pigg v. State*, 760 S.W.2d 330, 331 (Tex.App.— Beaumont 1988, no pet.).

The jury is the exclusive judge of the evidence and the credibility of the witnesses and the weight to be given their testimony. TEX.CODE CRIM.PROC.ANN. art. 38.04 (Vernon 1979); *Johnson v. State*, 571 S.W.2d 170, 173 (Tex.Crim.App. [Panel Op.] 1978). More than one person may be in possession of the same narcotic drug. *Enriquez v. State*, 501 S.W.2d 117, 120 (Tex. Crim.App.1973). The jury did not accept defense counsel's contention that appellant did not know about the drugs in her house. In this case the fact finder chose to resolve the disputed issue against appellant's contention.

In *DeGarmo v. State*, 691 S.W.2d 657, 661 (Tex.Crim.App.), *cert. denied*, 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985), it was held that evidence presented at the punishment stage of the trial may be considered in determining whether the evidence is sufficient to sustain a guilty verdict for the primary offense. The Court of Criminal Appeals also reaffirmed that if a defendant does testify at the guilt stage of the trial and admits his guilt to the crime for which he has been found guilty, he has for legal purposes, entered the equivalent of a plea of guilty. The defendant therefore, not only waives a challenge to the sufficiency of the evidence, but he also waives any error that might have occurred during the guilt stage of the trial. In *Winter v. State*, 725 S.W.2d 728, 730 (Tex. App.—Houston [1st Dist.] 1986, no pet.), the Houston court made the distinction that if. the defendant testified only at punishment and did not admit guilt to the crime for which he had been found guilty, then the defendant did not waive the error complained of, nor did he waive his challenge to the sufficiency of the evidence. They thus considered only evidence introduced at the guilt stage of the trial to determine if there was sufficient evidence to support the verdict.

In analyzing the *Winter* case, I do not find a prohibition against looking at the evidence presented at the punishment phase of the trial in determining the sufficiency of the evidence, only that it does not waive this point of error presented by a defendant. Since appellant testified at the punishment phase that the master bedroom was exclusively used by her, I feel that this evidence tightens what was already a fair determination by the jury that appellant is guilty beyond a reasonable doubt for the offense charged. The evidence was more than sufficient to establish that there was an affirmative link between appellant and the narcotics. Any rational trier of fact could have found appellant guilty beyond a reasonable doubt of knowingly possessing a controlled substance. I feel that the majority has looked at the points which they have highlighted, in isolation, to arrive at an incorrect conclusion, thus reversing a conviction which should have certainly been affirmed. The majority strains to reverse, when a total review of the evidence of the facts would easily eliminate this possibility.