**Victor Martinez HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04-86-00287-CR.**

Court of Appeals of Texas, San Antonio.

Nov. 18, 1987.

George Scharmen, San Antonio, for appellant.

Fred G. Rodriguez, Fernando Ramos, Raymond J. Hardy, Jr., Criminal Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and CHAPA, JJ.

OPINION

PER CURIAM.

A jury found appellant guilty of possession of heroin and the court sentenced him to 12 years' imprisonment.

Police officers found appellant lying unconscious on the ground in a "known drug area." After determining that appellant was alive, the officers discovered a package of heroin on the ground, some two to four inches from appellant's hand. Appellant was shaken awake and testimony reveals that he did not smell of alcohol but appeared to be under the influence of something. Appellant contends that the

above evidence is insufficient to support his conviction. We agree.

Unlawful possession of a controlled substance must be established by proof that the accused exercised care, custody, control and management over the contraband and that he knew the substance he possessed was contraband. *Oaks v. State*, 642 S.W.2d 174, 176 (Tex.Crim.App. 1982) (en banc). When the accused is not in exclusive possession of the place where the substance is found, knowledge and control can be established by independent facts and circumstances which affirmatively link the accused to the contraband. *Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Crim.App.1981). Additional facts and circumstances which have established an affirmative link include: the contraband was in plain view; there was sufficient light for a person to see what the contraband was; the contraband was conveniently accessible to the accused. *Pollan v. State*, 612 S.W.2d 594, 596 (Tex.Crim.App. 1981). Although the heroin was in plain view and was conveniently accessible to appellant, he was unconscious and therefore these facts do not serve as affirmative links. An affirmative link also may be established by the fact that appellant was under the influence of a controlled substance, however, the State did not so prove. *Rhyne v. State*, 620 S.W.2d 599, 601 (Tex. Crim.App.1981). Additionally, the close proximity of appellant to the contraband, alone, is not sufficient to establish an affirmative link. *Hernandez v. State*, 517 S.W.2d 782, 784 (Tex.Crim.App.1975); *Oaks v. State*, 642 S.W.2d 174, 178 (Tex.Crim. App.1982) (en banc).

In reviewing the evidence in the light most favorable to the verdict, this court finds that a rational trier of fact could not have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. State*, 672 S.W.2d 801, 803 (Tex. Crim.App.1984) (en banc).

Appellant's contention based on the speedy trial act has been carefully considered and found to be without merit.

The judgment of the trial court is reversed and the case is remanded to that court with instructions to enter an order of dismissal.