Jerry Lamar CARVER, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–87–180–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 11, 1988.

John T. Quinn, Bryan, for appellant.

William R. Turner, Bryan, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

Appellant entered a plea of not guilty before a jury to the offense of possession of a controlled substance, methamphetamine, in an amount of more than 28 grams but less than 400 grams. Tex.Rev. Civ.Stat.Ann., art. 4476–15 § 4.03(d). He was convicted and the jury assessed pun-

---

ishment, enhanced under Tex.Penal Code Ann. § 12.42(d) at imprisonment for thirty years. We reverse and remand.

In two points of error appellant challenges the validity of the search which led to the discovery of the contraband resulting in this prosecution. In his first point of error, appellant argues the temporary investigative detention was improper and that admission of evidence which was the result thereof was reversible error. In his second point of error, appellant challenges the admissibility of contraband which resulted from a subsequent search and which serves as the basis of this prosecution.

Before considering appellant's points of error, we will outline the factual background surrounding appellant's arrest. On October 19, 1986, College Station police received a call from the owner of the Manor House motel in that city. The owner informed police that the previous week an occupant of one of the motel's rooms had damaged and removed property from the room he had rented. A man thought to be the tenant from the previous week had returned and rented another room at the motel. The police arrived on the scene and placed the room under surveillance. After watching the room for several hours, police informed the motel owner there was nothing they could do immediately about the situation, but that the owner had the right to request that appellant vacate his motel room. The owner thereafter called appellant in his room and asked him to leave. He did so a few minutes later. As he was driving away from the motel, a uniformed police officer who was on patrol in the vicinity was alerted by the officers at the motel and instructed to stop appellant so his identity could be ascertained. After appellant was stopped, he was unable to produce a driver's license at the request of the officer. While the police officer was on the scene, he shined his flashlight into the interior of the vehicle to determine whether anyone else was still in the car. While doing so, he noticed a capped length of pipe in the floorboard of the vehicle. Believing

the pipe to be a bomb, the officer alerted the city's fire department bomb squad, which soon arrived on the scene. The fireman who functioned as the head of the bomb squad removed the pipe from the car and opened it. This confirmed appellant's statement to the officer that it was an empty piece of pipe. Thereafter, when appellant appeared to the police officer to be nervous, and kept asking for ice from one of the two ice chests in the rear seat of the car, the ice chests were also searched. They were x-rayed and found to contain nothing more than ice and water. Despite the lack of success with which their efforts had met, the bomb squad, with the police looking on, persisted with their search. The locked trunk of the vehicle was opened where a second length of capped-off pipe was discovered in a bag. Opening this pipe the bomb squad officers discovered containers with a white powder in them which was turned over to the police. Analysis of the powder later revealed it to be methamphetamine and this prosecution resulted.

It is uncontroverted that the search of appellant's vehicle was made without a warrant and without appellant's consent. There is also no contention made that the search takes on a different character because it was conducted by fire department personnel, rather than directly by law enforcement officers. It is clear the search was made for explosive devices which could have subjected appellant to criminal prosecution. *See* Tex.Penal Code Ann. §§ 46.06(a)(1) and 46.10. In light of all the circumstances of the case, it is apparent, as well, that those conducting the search were acting as agents or instruments of the state, whatever their official capacity. The constitutional guarantees associated with searches and seizures, therefore, apply fully. *Hall v. State*, 643 S.W.2d 738 (Tex. Crim.App.1983).

In his first point of error, appellant contends the initial investigatory stop was illegal. Probable cause was not required in order to temporarily detain appellant. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20

L.Ed.2d 889 (1968). The reasonableness of such a temporary detention will be determined in light of specific and articulable facts which are known to the officer at the time of the detention. *Fatemi v. State*, 558 S.W.2d 463, 466 (Tex.Crim.App.1977).

■ In the instant case, when appellant was stopped after vacating the motel, the officer had reason to believe he may have engaged previously in criminal activity, i.e., criminal mischief and possible theft which had occurred at the motel earlier. In order to justify a temporary detention to investigate past criminal activity it is only necessary for the police to have a reasonable suspicion, grounded in specific and articulable facts, that a person has been involved in such criminal activity. *United States v. Hensley*, 469 U.S. 221, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985). Mere suspicion or an inarticulate hunch will not justify such a stop. *Glass v. State*, 681 S.W.2d 599 (Tex. Crim.App.1984). Here, the officer's belief that appellant had engaged previously in specific criminal activity was reasonable under the circumstances. He was well within his rights to detain appellant temporarily, at least for the purpose of ascertaining his identity. The initial temporary investigatory stop was permissible. Appellant's first point of error is overruled.

In his second point of error, appellant claims the search which resulted in the discovery of the contraband was illegal and that, therefore, the fruits of that search were inadmissible.

As we have seen, the initial stop of appellant was permissible. After he had been lawfully detained, the officer observed circumstances which he concluded justified a further intrusion, seeing what he thought was a pipe bomb on the floorboard of the vehicle. If it had, in fact, been a bomb, such evidence would have been admissible under the "plain view" doctrine, since, as we have seen, the officer had a right to be where he was when the pipe was observed. *Voelkel v. State*, 717 S.W.2d 314 (Tex.Crim. App.1986).

What the officer found, instead, was not a pipe bomb, or anything which would have led him reasonably to conclude appellant was in possession of contraband, but merely an innocuous piece of pipe with the ends closed off. Yet, the search of appellant's vehicle continued.

When appellant was stopped initially, the officer discovered he did not have in his possession a valid driver's license. This provided the officer with probable cause to effect a lawful custodial arrest of appellant for a traffic offense other than violation of a speeding law. *Satterwhite v. State*, 726 S.W.2d 81, 86 (Tex.Crim.App.1987). We do not learn if appellant was arrested for the traffic offense or for another reason. We do know he was handcuffed shortly after the discovery of the first pipe, at the instruction of a police detective. Assuming this was an arrest for driving without a valid operator's permit, it would be a lawful custodial arrest, which would permit a search incident to arrest. *Linnett v. State*, 647 S.W.2d 672 (Tex.Crim.App.1983). A search incident to a lawful custodial arrest is limited to a search of the passenger compartment of a vehicle. *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Gary v. State*, 647 S.W.2d 646 (Tex.Crim.App.1983). If the contraband had been discovered in the passenger compartment of the vehicle, its introduction into evidence could have been authorized as the product of a search incident to a lawful custodial arrest. *Gauldin v. State*, 683 S.W.2d 411, 414 (Tex.Crim. App.1984).

The methamphetamine for which appellant was prosecuted was not found in the passenger compartment of appellant's vehicle, however. It was discovered in a second piece of pipe located within a closed piece of luggage in the trunk of the vehicle. If there was probable cause to believe contraband was contained in the trunk of the vehicle, a warrantless search of its contents would be permissible. *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). The arresting officer obviously thought he had probable cause to search the truck. The mere subjective con-

clusion of a police officer concerning existence of probable cause is not binding on the court on appeal, which must independently scrutinize objective facts to determine whether probable cause exists in a given fact situation. *Voelkel v. State,* 717 S.W.2d 314 (Tex.Crim.App.1986).

After the officer, with the assistance of the fire department bomb squad, discovered the empty pipe in the front floorboard of appellant's vehicle, several ice chests in the back seat of the car were also searched. Since they were located within the passenger compartment of the car, the officers had full legal authority to search them. *Carrasco v. State,* 712 S.W.2d 120 (Tex. Crim.App.1986). The question then becomes whether they were authorized to extend their search to items contained in the trunk of the vehicle.

When a peace officer discovers even a small amount of contraband in the passenger compartment of a vehicle, circumstances may well warrant a reasonable belief that other contraband items may be found in the trunk of the car. *Osban v. State,* 726 S.W.2d 107 (Tex.Crim.App.1986). In the instant case, however, no contraband was discovered in the passenger compartment of the vehicle. Absent additional circumstances, the officer had no basis for any reasonable belief that contraband was to be found in the trunk of the automobile. *See Gary v. State,* 647 S.W.2d 646, 647 (Tex.Crim.App.1983). An officer testified that appellant was extremely nervous when the passenger compartment of the vehicle was being searched. Such behavior, standing alone, is too tenuous to justify the extended search of the vehicle. *Glass v. State,* 681 S.W.2d 599 (Tex.Crim.App.1984). Up to that point the officers had discovered nothing which can be objectively considered as indicative of any criminal conduct on appellant's part.

As we have seen previously, appellant could have been lawfully subjected to custodial arrest. Once this was done, a routine inventory of the contents of the vehicle could well have turned up to the contraband for which he was prosecuted. Such evidence, discovered inadvertently, could have been used against him. *Kelley v. State,* 677 S.W.2d 34 (Tex.Crim.App.1984). This would have been true even if the vehicle was inventoried prior to its being towed. *Daniels v. State,* 600 S.W.2d 813 (Tex.Crim.App.1980). We find nothing in the record, however, to support the conclusion that the contraband was discovered in the course of a lawful inventory search. In fact, the ostensible purpose of the search was to attempt to discover criminal instruments, i.e., possible explosive devices. The burden is on the state to prove a lawful inventory search. *Ward v. State,* 659 S.W. 2d 643 (Tex.Crim.App.1983). Since the state makes no effort to carry that burden, we are forced to conclude the contraband was not discovered as part of a routine inventory of the contents of appellant's vehicle. Admission of the contraband discovered in the trunk was, thus, only proper if probable cause existed to warrant a reasonable belief that the trunk of the vehicle held contraband.

The reasonableness of a search is determined by the totality of the circumstances. *Nickerson v. State,* 645 S.W.2d 888 (Tex.Crim.App.1983). The officer's testimony regarding the reason for the search does not foreclose our review of whether probable cause existed to believe there was contraband somewhere in the vehicle. *Id.* at 891. A warrantless search or arrest must be justified by what is known to police officers at the inception of the search and cannot be justified by evidence seized as a result of the search or arrest. *Colston v. State,* 511 S.W.2d 10 (Tex.Crim.App.1974); *Pope v. State,* 695 S.W.2d 341 (Tex.App.— Houston [1st Dist.] 1985, pet. ref'd). That contraband was discovered, therefore, is in no way material to our inquiry. What we must objectively determine is whether probable cause existed to search the trunk of appellant's vehicle.

The ostensible purpose of the search, as we have seen, was based on the belief that a bomb might be contained

somewhere in the car. The search was, therefore, purportedly undertaken to protect the public safety. If any solid evidence or information existed that indicated appellant was in possession of a bomb, the search would have been justified. All the police had, however, was a capped-off length of pipe, which turned out to be empty, and visible nervousness on the part of the appellant. There was also some testimony in the record that appellant was suspected of being a drug manufacturer. None of this, however, rose to the level of probable cause to believe appellant was in possession of contraband in the trunk of his vehicle. The inarticulate hunch, suspicion or good faith of an officer is insufficient to constitute probable cause for a search. *Fatemi v. State,* 558 S.W.2d 463 (Tex.Crim.App.1977). In order to permit the search of the vehicle, the facts viewed objectively must be such that they would justify the issuance of a warrant, even though a warrant is not actually obtained. *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). Probable cause for a search exists where the facts and circumstances within the knowledge of the officer on the scene and of which he has reasonably trustworthy information would lead a man of reasonable caution to believe that he will find evidence pertaining to a crime. *Albert v. State,* 659 S.W.2d 41, 44 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd). Viewed objectively, based on the testimony and evidence in the record, a person of reasonable caution would have been unable to conclude that the trunk of appellant's vehicle contained any evidence of a crime. No probable cause to search the trunk existed and appellant's motion to suppress should have been granted by the trial court. Appellant's second point of error is sustained.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for additional proceedings consistent with this opinion.