ACCEPTED
06-15-00125-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
9/28/2015 5:04:24 PM
DEBBIE AUTREY
CLERK

## NO. 06-15-00125-CR

**IN THE COURT OF APPEALS
SIXTH JUDICIAL DISTRICT
TEXARKANA, TEXAS**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

9/29/2015 8:33:00 AM

DEBBIE AUTREY
Clerk

**CONSTANTINO RIOS MORALES
    APPELLANT**

**VS.**

**STATE OF TEXAS,
    APPELLEE**

---

**APPEALED FROM THE 249TH JUDICIAL DISTRICT COURT
OF JOHNSON COUNTY, TEXAS
CAUSE NO. F48830
HON. D. WAYNE BRIDEWELL, PRESIDING**

---

# BRIEF OF APPELLANT

---

Lane E. Rugeley
16 N. Caddo
Cleburne, Texas 76031
817-641-4055 Phone
817-641-0003 Fax
Email: laner@rugeleylaw.com
State Bar No. 17383000
Attorney for Appellant

**NO ORAL ARGUMENT REQUESTED**

1

# IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of the names and addresses of all parties to the trial court's final judgment, as well as their counsel, if any:

Hon. D. Wayne Bridewell
Judge, 249th Judicial District Court
Guinn Justice Center
204 So. Buffalo
Cleburne, Texas  76033

Dale Hanna
District Attorney
Guinn Justice Center
204 S. Buffalo
Cleburne, Texas 76033

Bryan Bufkin
Lindsey Lehrmann
Assistant District Attorneys
Guinn Justice Center
204 S. Buffalo
Cleburne, Texas 76033

Patrick G. Barkman
Trial Attorney for Appellant
13 N. Main
Cleburne, Texas  76033

Lane E. Rugeley
Appellate Attorney for Appellant
16 N. Caddo St.
Cleburne, Texas  76031

Constantino Rios Morals
TDCJ No. 1995563
Lynaugh Unit
1098 S. Hwy. 2037
Fort Stockton, Texas 79735

# TABLE OF CONTENTS

**SUBJECT**                                                                    **PAGE**

Identities of Parties and Counsel…………………………………    2

Table of Contents……………………………………………    3

Index of Authorities…………..…………………………..    4

Statement of Case…………………………………………    10

**ISSUE ONE:**

**WHETHER THE EVIDENCE PRESENTED AT TRIAL IS LEGALLY SUFFICIENT TO SUPPORT A CONVICTION FOR POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DELIVER – 4 TO 200 GRAMS IN COUNT ONE?**

**ISSUE TWO:**

**WHETHER THE COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS BY DENYING DEFENDANT A FAIR TRIAL BASED ON THE TRIAL JUDGE'S CONDUCT IN BECOMING AND ADVOCATE OR PROSECUTOR BY INSTRUCTING THE PROSECUTOR TO RECALL A WITNESS AND ASK CERTAIN QUESTIONS BEFORE RELEASING THE WITNESS?**

**ISSUE THREE:**

**WHETHER THE COURT ERRED BY DENYING APPELLANT'S MOTION FOR A MISTRIAL?**

**ISSUE FOUR:**

**WHETHER THE COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS?**

Statement of Facts……………………………………………… 11

Summary of Argument………………………………………. 13

Argument and Authorities ……………………………………… 14

Prayer…………………..…………………………………. 34

Certificate of Service……………………………………… 34

Certificate of Compliance……………………………………. 35

## INDEX OF AUTHORITIES

**CASES**                                                                        **PAGE**

### UNITED STATES SUPREME COURT

*Arizona v. Fulminante*……………………………………………… 22
    499 U.S. 279, 309, 111 S.Ct. 1246, 113 L. Ed.2d 302 (1991)

*Gagnon v. Scarpelli*………………………………………………….. 22
    411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)

*Jackson v. Virginia*………………………………………………. 15 & 16
    443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed. 560 (1979)

*Riley v. California*…………………………………………………….. 31
    573 U.S. ___, 134 S. Ct. 2473,____ L.Ed.___ (2014)

### TEXAS COURT OF CRIMINAL APPEALS

*Adelman v. State*……………………………………………………21
    828 S.W.2d 418, 421 (Tex. Crim. App. 1992)

*Blue v. State* ………………………………………………………22
    41 S.W.3d 129, 138 (Tex. Crim. App. – 2000),

*Brown v. State*…………………………………………………….. 22
      122 S.W.3d 794, 797 (Tex. Crim. App. 2003)

*Brumit v. State*…………………………………………………….. 22
      206 S.W.3d 639 (Tex. Crim. App. 2006)

*Cain v. State*……………………………………………………… 22
      947 S.W.2d 262, 264 (Tex. Crim. App. – 1999)

*Combs v. State*…………………………………………………. 15
      643 S.W.2d 709, 716-717 (Tex.Crim.App. 1982)

*Curry v. State*…………………………………………………. 15
      30 S.W.3d 394 (Tex. Crim. App. 2000)

*Dickey v. State*………………………………………………… 19
      693 S.W.2d 386, 389 (Tex. Crim. App. 1984)

*Dubry v. State*………………………………………………… 17, 18 & 20
      582 S.W.2d 841, 843 (Tex. Crim. App. 1979)

*Foster v. State*………………………………………………… 15
      635 S.W.2d 710 (Tex. Crim. App. 1982)

*Garza v. State*………………………………………………...15
      715 S.W.2d 642 (Tex. Crim. App. 1986)

*Gauldin v. State*……………………………………………….. 30
      683 S.W.2d 411, 415 (Tex. Crim. App. 1984)

*Gill v. State*…………………………………………………… 29
      625 S.W.2d 307, 319 (Tex. Crim. App. 1981)
      opinion on rehearing overruled on other grounds,
      726 S.W. 2d 107(Tex. Crim. App 1987)

*Gold v. State*…………………………………………….. … 16 & 21
      736 S.W.2d 685 (Tex. Crim. App. 1987)

*Gollihar v. State*…………………………………………………. 16 & 21
    46 S.W.3d 243 (Tex.Crim.App. 2001)

*Hausman v. State*……………………………………………… 20
480 S.W.2d 721, 723-724 (Tex. Crim. App. 1972)

*Houston v. State*………………………………………………..15
    663 S.W.2d 455 (Tex. Crim. App.  1984)

*Humason v. State*……………………………………………17, 19 & 20
    728 S.W.2d 363, 365 (Tex. Crim. App. 1987)

*Kelly v. State*…………………………………………………26 & 27
    204 S.W.3d 808 818-19 (Tex. Crim. App. 2006)

*McFarland v. State*…………………………………………..15
    930 S.W.2d 99 (Tex. Crim. App. 1996)

*Melton v. State*………………………………………………16
    120 S.W.3d 339 (Tex. Crim. App. 2003).

*Moberg v. State*……………………………………………….. 29
    810 S.W. 2d 190, 195 (Tex. Crim. App. 1991)

*Ocon  v. State*……………………………………………. 26
284 S.W.3d 880, 884 (Tex. Crim. App. 2009)

*Ortiz v. State*……………………………………. ……15
    577 S.W. 2d 249 (Tex. Crim. App. 1979)

*Ward v. State*………………………………………………29
    659 S.W. 2d 643, 646 (Tex. Crim. App. 1983);

*Washington v. State*………………………………………..18
    660 S.W.2d 533, 536 (Tex. Crim. App. 1983)

*Wiede v. State*…………………………………………………26
    214 S.W. 3d 17, 24 (Tex. Crim. App. 2007)

**TEXAS COURTS OF APPEAL**                                   **PAGE**

*Abdygapparova v. State*……………………………………………… 22
     243 S.W.3d 191, 209 (Tex. App. – San Antonio 2007)

*Carver v. State*………………………………………………….. 30
     746 S.W.2d 869, 872 (Tex. App. Houston [14[th] Dist.]
     1988 pet. ref.)

*Hernandez v. State*…………………………………………… 20
     739 S.W.2d 957, 958
     (Tex. App. San Antonio 1987, pet. ref.)

*Jones v. State*……………………………………………… 16
     945 S.W.2d 852
     (Tex.App-Waco 1997, affirmed)

*McCarty v. State*………………………………………. 19
     788 S.W.2d 213, 216-217
     (Tex. App. Fort Worth 1990, pet. granted)

*Nichols v. State*…………………………………………………16
     52 S.W.3d 501(Tex. App. Dallas 2001, no pet.)

*Pena v. State*…………………………………………………….32
226 S.W. 634, 651 (Tex. App. – Waco 2007),
rev'd on other grounds 285 S,W.3d 459, 465
(Tex. Crim. App. 2009)

*State v. Stauder*…………………………………………………..29
     264 S.W.2d 3d 360, 364 (Tex. App. – Eastland 2008)

**UNITED STATES CONSTITUTION**                               **PAGE**

FOURTH AMENDMENT…………………………………………….. 27

FIFTH AMENDMENT ……………………………………………….. 27

SIXTH AMENDMENT …………………………………….............. 27

FOURTEENTH AMENDMENT…………………………………22 & 27

**TEXAS CONSTITUTION**               **PAGE**

TEX. CONST. ART. I, SEC. 9…………………………………... 27

TEX. CONST. ART. I, SEC. 10……………………………… 27

TEX. CONST. ART. I, SEC. 15………………………………. 22

TEX. CONST. ART. I, SEC. 19……………………………… 27& 32

**STATUTORY PROVISIONS**              **PAGE**

TEX. CODE CRIM. PROC. ANN. art. 38.23………………………… 27

TEX. CODE CRIM. PROC. ANN. art. 44.25……..………………15

TEX. HEALTH & SAFETY C. §481.002(38)……………………. 16-17

TEX. HEALTH & SAFETY C. §481.481.112(d)………………… 16 & 21

TEX. HEALTH & SAFETY C. §481.115(a)……………………… 16 & 21

TEX. HEALTH & SAFETY C. §481.115(e)……………………… 16 & 21

TEX. PENAL CODE ANN. § 6.03(a) …….………………… 17

TEX. PENAL CODE ANN. § 6.03(b) …….………………… 17

**NO. 06-15-00125-CR**

**IN THE COURT OF APPEALS**
**SIXTH JUDICIAL DISTRICT**
**TEXARKANA, TEXAS**

**CONSTANTINO RIOS MORALES,**
    **APPELLANT**

**VS.**

**STATE OF TEXAS,**
    **APPELLEE**

---

**APPEALED FROM THE 249TH JUDICIAL DISTRICT COURT**
**OF JOHNSON COUNTY, TEXAS**
**CAUSE NO. F48830**
**HON. D. WAYNE BRIDEWELL, PRESIDING**

---

THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

CONSTANTINO RIOS MORALES, Appellant, and in appealing his conviction of Possession of a Controlled Substance with Intent to Deliver – 4 to 200 grams in Count One and sentenced to forty-five (45) years in the Texas Department of Criminal Justice – Institutional Division in the above styled and numbered cause, respectfully submits this brief in support of his appeal:

**STATEMENT OF THE CASE**

A Johnson County Grand Jury returned a true bill of indictment on September 22, 2014 against Appellant charging him with one count, Count One – Possession of a Controlled Substance with Intent to Deliver – 4 to 200 grams. The Appellant pled "not guilty" to Count One on October 15, 2014. A jury trial commenced in this case on April 13, 2015. After the presentation of the evidence, the jury found Appellant guilty. The jury assessed a sentence of 45 years in the Texas Department of Criminal Justice and assessed a $10,000.00 fine on Count One. The trial Court entered judgment on April 17, 2015. The Trial Court's Certification of Defendant's Right to Appeal was signed and filed on April 17, 2015. A Motion for New Trial and Motion in Arrest of Judgment was filed on May 15, 2015. A Notice of Appeal was timely filed on June 30, 2015.

**ISSUES PRESENTED:**

**ISSUE ONE:**

**WHETHER THE EVIDENCE PRESENTED AT TRIAL IS LEGALLY SUFFICIENT TO SUPPORT A CONVICTION FOR POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DELIVER – 4 TO 200 GRAMS IN COUNT ONE?**

**ISSUE TWO:**

**WHETHER THE COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS BY DENYING DEFENDANT A FAIR TRIAL BASED ON THE TRIAL JUDGE'S CONDUCT IN BECOMING AND ADVOCATE OR PROSECUTOR BY**

**INSTRUCTING THE PROSECUTOR TO RECALL A WITNESS AND ASK CERTAIN QUESTIONS BEFORE RELEASING THE WITNESS?**

**ISSUE THREE:**

**WHETHER THE COURT ERRED BY DENYING APPELLANT'S MOTION FOR A MISTRIAL?**

**ISSUE FOUR:**

**WHETHER THE COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS?**

**STATEMENT OF FACTS**

On August 31, 2014, Officer Eric Alexander was on patrol. (11 R.R. at 109) Officer Alexander came up behind a tan Chevrolet Silverado stopped at the light at S. Main and Chambers. (11 R.R. at 110) Officer Alexander claimed that one of the tail lights was out. (11 R.R. at 110) At this time, Officer Alexander was approaching Henderson while traveling south on Main. (11 R.R. at 110) As Officer Alexander got closer, he claimed that the Chevrolet Silverado did not have red reflectors on the rear. (11 R.R. at 110) At this point, Officer Alexander made the decision to stop the Chevrolet Silverado. (11 R.R. at 110) Officer Alexander testified that he stopped the Chevrolet Silverado because of the red reflectors. (11 R.R. at 111) Officer Alexander went on to testify that the Chevrolet Silverado crossed on to the improved shoulder. (11 R.R. at 111) Officer Alexander made his report on September 1, 2014 while the incident was fresh in his mind. (11 R.R.

at 147) However, Officer Alexander failed to note the crossing on to the improved shoulder in his report. (11 R.R. at 147) Officer Alexander did not issue any citations for Appellant's alleged transportation code violations. (11 R.R. at 147)

Officer Alexander believed the stop was a routine traffic stop. (11 R.R. at 117) Officer Alexander stopped the Chevrolet Silverado to notify the driver about his lights. (11 R.R. at 117) Officer Alexander identified Appellant Constantino Rios Morales as the driver. (11 R.R. at 117) Officer Alexander fails to testify how an investigative stop turned into an arrest and an inventory search. (11 R.R. at 104 – 161)

Officer Alexander and Officer Wickson conduct an inventory search of Appellant's vehicle. (11 R.R. at 118) The initial inventory search reveals 3 electronic tablets in the trucks console. (11 R.R. at 118) Two of the tablets had dead batteries. Officer Wickson access one of the tablets and discovers a name. (11 R.R. at 119) Officers Alexander and Wickson continue the inventory search of the console by removing the tablets and removing a cup holder. (11 R.R. at 123) The cup holder had snaps. (11 R.R. at 158) Under the cup holder was a cubby hole that goes back towards the rear of the truck. (11 R.R. at 123) The area under the cup holder was an air vent that goes to the back of the truck. (11 R.R. at 159) It was part of the equipment of the truck. (11 R.R. at 159)

Officer Alexander found a greenish grey pouch in the air vent under the snapped cup holder. (11 R.R. at 124) He opened the pouch and discovered drugs. (11 R.R. at 124) The pouch also contained a glass pipe, and a one inch square baggy. (11 R.R. at 124) Officer Wickson located a digital scale in the air vent under the snapped cup holder in the console. (11 R.R. at 178)

Appellant filed a motion to suppress the evidence seized from Appellants vehicle and all testimony related to the improperly seized rvidence. (1 C.R. at 80) The trial court denied the motion to suppress. (11 R.R. at 85)

After the presentation of the evidence, the jury found Appellant guilty on Count One – Possession of a Controlled Substance with Intent to Deliver – 4 to 200 grams. The jury assessed punishment at 45 years in the Texas Department of Criminal Justice and assessed a $10,000.00 fine.

The Trial Court's Certification of Defendant's Right to Appeal was signed and filed on April 17, 2015. (1 C.R. at 162) A Motion for New Trial and Motion in Arrest of Judgment was filed on May 15, 2015. (1 C.R. at 169) A Notice of Appeal was timely filed on June 30, 2015. (1 C.R. at 172)

## SUMMARY OF THE ARGUMENT

Appellant presents four issues in this Brief. First, Appellant will show that evidence presented at trial is legally insufficient to support a conviction for Possession of a Controlled Substance with Intent to Deliver – 4 to 200 grams.

There was no evidence that the Appellant knowingly possessed a controlled substance. Furthermore, there was no evidence that Appellant possessed a controlled substance with intent to distribute that controlled substance.

Additionally, Appellant will show that the Court violated Appellant's due process rights to a fair trial by improperly becoming an advocate or prosecutor for the State. Therefore, the Appellate Court should reverse the judgment of conviction in Count One and grant Appellant a new trial. The Court erred in denying Appellant's motion for mistrial related to the Judge's misconduct in becoming an advocate for the State and denying Appellant a fair trial.

Additionally, the Appellant will show that the Court erred by denying Appellant's motion to suppress. The State failed to establish that a proper inventory search of Appellant's vehicle was conducted and failed to show probable cause for the warrantless search. Therefore, the Appellate Court should reverse the judgment of conviction for Counts One and an acquittal or grant Appellant a new trial.

**ARGUMENT AND AUTHORITIES**

**ISSUE ONE (Restated):**

**THE EVIDENCE PRESENTED AT TRIAL IS LEGALLY INSUFFICIENT TO SUPPORT A CONVICTION FOR POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DELIVER – 4 TO 200 GRAMS IN COUNT ONE.**

### A. *Standard of Review - Legal Insufficiency*

An appellate court may reverse a criminal conviction based upon the law and facts. TEX. CODE CRIM. PROC. ANN. art. 44.25 (O'Conner's Criminal Codes Plus 2013-2014). An appellate court must always address challenges to the sufficiency of the evidence. *Garza v. State*, 715 S.W.2d 642, 645 (Tex. Crim. App. 1986). Such a review must be conducted when a legal sufficiency challenge is raised, even if the conviction must be reversed on other grounds, because a finding that the evidence is legally insufficient to support the conviction prevents a retrial under double jeopardy law. *McFarland v. State*, 930 S.W.2d 99, 100 (Tex. Crim. App. 1996). *Foster v. State*, 635 S.W.2d 710, 717 (Tex. Crim. App. 1982). *Ortiz v. State*, 577 S.W. 2d 249, 250 (Tex. Crim. App. 1979).

In reviewing claims of legally insufficient evidence, the Court must determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Curry v. State,* 30 S.W.3d 394, 406 (Tex.Crim.App. 2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed. 560 (1979). *Combs v. State*, 643 S.W.2d 709, 716-717 (Tex.Crim.App. 1982). This standard is used whether the case was proven by direct evidence or circumstantial evidence. *Houston v. State*, 663 S.W.2d 455, 456 (Tex. Crim. App. 1984).

Evidence is sufficient only if the state has affirmatively proven each of the essential elements of the offense. *Gold v. State*, 736 S.W.2d 685 (Tex. Crim. App. 1987). Evidence is insufficient to uphold a conviction when the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense. *Jackson v. Virginia*, 443 U.S. at 320 ("Any evidence that is relevant could be deemed a 'mere modicum' of evidence. But a 'modicum' of evidence by itself [cannot] rationally support a conviction beyond a reasonable doubt"). A finding of legally insufficient evidence on appeal entitles Appellant to an acquittal. *Gollihar v. State*, 46 S.W.3d 243,246 (Tex.Crim.App. 2001); *Jones v. State*, 945 S.W.2d 852, 854 (Tex. App-Waco 1997, affirmed).

## B.     Law and Analysis in this Case.

## Count One— Possession of a Controlled Substance with Intent to Deliver

A person commits the offense of possession of a controlled substance more than 4 grams but less than 200 grams if the person *knowingly* or *intentionally* possesses methamphetamine in a quantity of more than 4 grams but less than 200 grams. Tex. Health & Safety C. § 481.112 (d) (Penalty Group 1); Tex. Health & Safety C. §§ 481.115(a) & (e); *Nichols v. State*, 52 S.W.3d 501 (Tex. App. Dallas 2001, no pet.); *Melton v. State*, 120 S.W.3d 339 (Tex. Crim. App. 2003). Possession is defined in the Texas Controlled Substances Act as the actual care, custody, control or management of the drug. Tex. Health & Safety C. §

481.002(38). The definition of possession provided in Texas Health and Safety Code Section 481.002(38) is the only definition that may be used by any court. See *Humason v. State*, 728 S.W.2d 363, 365 n. 7 (Tex. Crim. App. 1987) (Court of Criminal Appeals disapproves all cases that use a different definition of "possession.").

In order to establish unlawful possession of a controlled substance, the state must show that the defendant *knowingly* or *intentionally* exercised care, custody, control, or management over it knowing that it was a controlled substance (emphasis added). *Dubry v. State*, 582 S.W.2d 841, 843 (Tex. Crim. App. 1979). In Texas, a person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. Tex. Pen. Code. § 6.03(a). A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. Tex. Pen. Code. § 6.03(b). A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. Tex. Pen. Code. § 6.03(b). Therefore, in order to sustain the conviction in this case, the State must have proven at trial one of the following: (1) that Appellant's conscious objective or desire was to possess the methamphetamine; or (2) that Appellant knew that the

methamphetamine was in the air vent under the snapped shut cup holder in the console or that by his conduct, it was reasonably certain that the methamphetamine would be in the air vent under the snapped shut cup holder in the console. As the following analysis will show, Appellant believes that the State has failed to meet its burden of proving beyond a reasonable doubt that Appellant knowingly or intentionally exercised care, custody, control, or management over the methamphetamine, or even knew that there was a controlled substance in the tan Chevrolet Silverado's air vent system.

If the prosecution shows possession, the burden shifts to the defendant to show lawful possession, such as showing that the drugs were possessed pursuant to a valid prescription. *Washington v. State*, 660 S.W.2d 533, 536 (Tex. Crim. App. 1983). In the instant case, because a person is not allowed to possess any amounts of methamphetamine, with or without a valid prescription, the emphasis in this analysis turns to whether Appellant intentionally or knowingly possessed the methamphetamine.

In order to obtain a conviction for possession of an illegal substance, the State must produce evidence that affirmatively links the defendant to the substance to such an extent that a reasonable inference may arise that the defendant knew of its existence and exercised control over it. *Dubry v. State*, 582 S.W.2d at 843. This "affirmative link" is established by showing facts and circumstances that

18

indicate the defendant's knowledge of and control over the substance, so mere conjecture on the part of the State is not sufficient evidence. *Dickey v. State*, 693 S.W.2d 386, 389 (Tex. Crim. App. 1984). In this case, Appellant will show that there is insufficient evidence affirmatively linking him to the methamphetamine.

The mere fact that a person was the sole individual in the vicinity of a controlled substance does not amount to sufficient evidence that the person knowingly or intentionally was in possession of the controlled substance. *Humason v. State*, 728 S.W.2d 363, 367 (Tex. Crim. App. 1987). Further, merely because a controlled substance is found near a defendant or near a place where a defendant has access to does not necessarily amount to the defendant knowingly or intentionally possessing the controlled substance. For instance, a controlled substance that is found with the defendant's clothes in a hamper next to a bathroom that is accessed through the defendant's room does not amount to the defendant knowingly or intentionally possessing the controlled substance because the State failed to exclude a reasonable hypothesis that the defendant's roommate could have placed controlled substance there. *McCarty v. State*, 788 S.W.2d 213, 216-217 (Tex. App. Fort Worth 1990, pet. granted). In this case, the only evidence linking Appellant to the controlled substance was the fact that it was in a air vent duct system in a vehicle that Appellant was driving. This evidence, by itself, is insufficient to prove Appellant's guilt. The State never proved the ownership of the

1999 tan Chevrolet Silverado. A prior driver or owner of the vehicle could have placed the methamphetamines in that location.

The defendant's awareness of the whereabouts of the controlled substance is an essential ingredient to prove that the defendant knowingly or intentionally possessed the controlled substance. *Humason v. State*, 728 S.W.2d 363, 368 (Tex. Crim. App. 1987). Evidence that only gives rise to a strong suspicion of the defendant's knowledge of the presence of the controlled substance is insufficient to sustain a conviction. *Dubry v. State*, 582 S.W.2d 841, 843-844 (Tex. Crim. App. 1979). Again, merely because the defendant was "close" to the controlled substance does not necessarily constitute a sufficient affirmative link to support a finding of knowing possession. *Hausman v. State*, 480 S.W.2d 721, 723-724 (Tex. Crim. App. 1972) (Defendant slept within one foot of controlled substance at a campsite with several other people); *Hernandez v. State*, 739 S.W.2d 957, 958 (Tex. App. San Antonio 1987, pet. ref.) (The State's sole evidence of intentional or knowing possession was that the defendant was lying unconscious on the ground and the controlled substance was within inches of defendant's hand). In this case, the fact that the controlled substance was found inside an air vent under the snapped shut cup holder in the console does not necessarily constitute a sufficient affirmative link to support a finding of knowing possession.

This Court of Appeals has the power to reverse this conviction because the verdict is clearly contrary to the evidence presented at trial. Code Crim. Proc. Art. 44.25. Even when reviewing this case in the light most favorable to the jury's verdict, this Court should find that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992) The reason for this conclusion is because the State failed to affirmatively prove each of the essential elements of the offense of possession of a controlled substance with intent to deliver more than four grams but less than 200 grams. *Gold v. State*, 736 S.W.2d 685; Tex. Health & Safety C. § 481.112 (d) (Penalty Group 1); Tex. Health & Safety C. §§ 481.115(a) & (e).

Further, the State failed to prove its case beyond a reasonable doubt because there is a material variance between the indictment allegations and the proof at trial. *Gollihar*, 46 S.W.3d at 247. Appellant was indicted for intentionally or knowingly possessing a controlled substance with intent to deliver. (1 C.R. at 14) The evidence presented at trial and the facts and circumstances of this case clearly do not establish beyond a reasonable doubt that Appellant knowingly or intentionally possessed a controlled substance with intent to deliver. As a result, this Court of Appeals should reverse Appellant's conviction and enter a judgment of acquittal on Count One.

**ISSUE TWO:**

**WHETHER THE COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS BY DENYING DEFENDANT A FAIR TRIAL BASED ON THE TRIAL JUDGE'S CONDUCT IN BECOMING AND ADVOCATE OR PROSECUTOR BY INSTRUCTING THE PROSECUTOR TO RECALL A WITNESS AND ASK CERTAIN QUESTIONS BEFORE RELEASING THE WITNESS?**

An accused is entitled to a fair trial. U.S. Const. Fourteenth Amendment; Tex. Const. Art. I, Sec. 15. Further, due process requires a neutral and detached judge. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) *Brumit v. State*, 206 S.W.3d 639 (Tex. Crim. App. 2006) The judge should always act as a neutral arbiter between the advocates: the judge is not the prosecutor or involved in the fray. *Brown v. State*, 122 S.W.3d 794, 797 (Tex. Crim. App. 2003)

No matter what the evidence is against a defendant, the United States Constitution guarantees the defendant the right to an impartial judge. *Blue v. State* 41 S.W.3d 129, 138 (Tex. Crim. App. – 2000), *Abdygapparova v. State*, 243 S.W.3d 191, 209 (Tex. App. – San Antonio 2007) The United States Supreme Court has repeatedly held that a violation of the right to an impartial judge is a structural error that defies harm analysis. *Arizona v. Fulminante*, 499 U.S. 279, 309, 111 S. Ct. 1246, 113 L. Ed.2d 302 (1991), *Cain v. State* , 947 S.W.2d 262, 264 (Tex. Crim. App. – 1999)

In our case, the prosecution called James Milam, a forensic scientist from the Texas Department of Public Safety Crime Lab in Waco, Texas as an expert witness. (12 R.R. at 12) Mr. Milam testifies to the analysis of State's Exhibit 19 and identifies it as methamphetamines. (12 R.R. at 15)   The States only chain of custody evidence related to Exhibit 19 is that Exhibit 19 had Milam's identifying marks on it.  (12 R.R. at 12-20)  Milam testifies as to his report, Exhibit 20, related to his analysis of  Exhibit 19. (12 R.R. at 16 - 17)  The State passed the witness. (12 R.R. at 18)    Appellant's attorney cross examined Milam. (12 R.R. at 18)  The State and Defense counsel inform the trial court that there is no objection to Milam being excused.  (12 R.R. at 18 – 19)   The trial judge excuses the jury and instructs the witness to remain seated on the witness stand. (12 R.R. at 19)

At this point, the trial judge becomes an advocate for the State and a discussion takes place as follows:

THE COURT:  One question I have before Mr. Milam leaves, as I understand the law, and I learn something new every day, but when you have an exhibit that can be altered, the State would be required to prove the chain of custody from the Cleburne Police Department to the DPS lab in Waco. And if you don't, then that can be raised on appeal.  And they are going to be grading everybody's paper –

MS. LERMANN:  Okay.

THE COURT:  -- up here on appeal.
So I think that's something before he leaves that, you know, State can try your own case, but if you don't prove that up, then there are people that's going to be questioning not only what you do but what the Defense lawyer does as well as the judge so… If y'all want to check that out, I just want to kind of – this man's

23

fixing to leave and go out of town, so I just want to be sure if there's some additional things that need to be proven up, that y'all do that.

MR. BUFKIN: Thank you, Judge.

THE COURT: I think it's a legal issue y'all need to address and check into, but I'm going to be here all day, but I this man's going to leave here and –

MR. BARKMAN: Yes, sir.

THE COURT: -- going somewhere else. Let y'all check that out and just – then we'll take a break and when you're ready to proceed we will.

MS. LEHRMANN: Thank you.

THE COURT: Y'all might want to talk to Mr. Hanna about that. We'll be recessed for about fifteen minutes.

Appellant's attorney, Patrick Barkman, objects to the chain of custody not being met related to Ex. 19. (12 R.R. at 21) He also objects to the trial court's comment on the weight of the evidence and improper advice to the prosecution related to the chain of custody. (12 R.R. at 21) Appellant requests a mistrial. (12 R.R. at 21) The trial court overrules the objection. (12 R.R. at 22) The trial court denies the mistrial request. (12 R.R. at 23)

The jury is called back in the court room. (12 R.R. at 23) The trial court asks if there are any additional questions of Mr. Milam. (12 R.R. at 23) The State proves up the chain of custody from the Cleburne Police Department to the DPS Waco lab. (12 R.R. at 24-26)

24

The trial court refused to release the witness Milam, instructed the State that the chain of custody had not been properly proved up, instructed the State what needed to be proved up and instructed the State to check with the District Attorney Dale Hanna. The trial court brought the jury back in the courtroom and asked the parties if they had any additional questions of Mr. Milam and the State said yes and asked questions to prove up the chain of custody as previously directed by the trial court. Obviously, the trial judge failed to remain a neutral arbiter between the advocates and became a prosecutor involved in the fray. The trial court's conduct was improper and denied Appellant his due process rights to a fair trial with a neutral and detached judge that is not an advocate for the State.

The Court should reverse the judgment of conviction and remand the case for a new trial.

## ISSUE THREE:

**WHETHER THE COURT ERRED BY DENYING APPELLANT'S MOTION FOR A MISTRIAL?**

Appellant incorporates the authorities and analysis in Issue Two into this issue by reference. The trial judge abused his discretion by denying Appellant's request for a mistrial based on the trial court's comment on the evidence and improper conduct in instructing the State on what questions should be asked of an expert witness.

A mistrial is an appropriate remedy in extreme circumstances and for a class of highly prejudicial and incurable errors. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009) At trial court's denial of a mistrial is reviewed on the bases of abuse of discretion. *Ocon* at 884

The Court should reverse the judgment of conviction and remand the case for a new trial.

## ISSUE FOUR:

**WHETHER THE COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS?**

On August 31, 2014, the Cleburne Police violated Appellant's Constitutional right to be free from unreasonable search and seizure. Appellant filed a motion to suppress the evidence seized from Appellant's vehicle. (1 C.R. at 80) The trial court denied the motion to suppress. (11 R.R. at 85) The trial court entered written findings of fact and conclusions of law. (1 C.R. at 137)

When reviewing the trial court's ruling on a motion to suppress, the appellate court must view the evidence in the light most favorable to the trial court's ruling. *Wiede v. State* 214 S.W. 3d 17, 24 (Tex. Crim. App. 2007) When the trial court makes explicit findings, the appellate court determines whether the evidence, when reviewed in the light most favorable to the trial court's ruling, supports those findings. *Kelly v. State* 204 S.W.3d 808 818-19 (Tex. Crim. App.

26

2006) The appellate court then reviews the trial court's legal ruling de novo, unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Kelly* at 819

The motion to suppress alleged that the Cleburne Police Department violated the constitutional and statutory right of the Defendant under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Art. I, Sec. 9 of the Texas Constitution and under Art. 38.23 Texas Code of Criminal Procedure. (1 C.R. at 80) The motion to suppress further alleged that any tangible evidence seized in connection with a 1999 Tan Chevrolet VIN# 2GCEK19VXX1261302, Plate # DNZ7036 was seized without probable cause or other lawful authority in violation of  the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Art. I, Sec. 9, 10 and 19 of the Texas Constitution. (1 C.R. at 80)

The motion to suppress requested the trial court to suppress any and all tangible evidence seized by law enforcement officers or others in connection with the detention and arrest of Constantino Morales in this case or in the investigation of this case, including but not limited to any items seized from a 1999 Tan Chevrolet VIN# 2GCEK19VXX1261302, Plate # DNZ7036 and any testimony by the Cleburne Police Department or any other law enforcement officers or others

concerning such evidence. (1 C.R. at 80-81) Any other matters that the Court finds should be suppressed upon hearing of this motion. (1 C.R. at 81)

At the hearing on the motion to suppress, Cleburne Police Officer Eric Alexander testified about the traffic stop conducted on August 31, 2014. (11 R.R. at 12) He testified that he stopped a vehicle being driven by Constantino Morales. (11 R.R. at 23) Officer Alexander testified that he conducted an inventory search. (11 R.R. at 24) Officer Alexander never testified as to why he conducted an inventory search. (11 R.R. at 11-53) Officer Alexander never testified that Constantino Morales was under arrest when Officer Alexander conducted the inventory search. (11 R.R. at 11-53) Officer Alexander never testified about the inventory search procedures of the Cleburne Police Department. (11 R.R. at 11-53) Officer Alexander never testified that he was using an inventory sheet during his alleged inventory search. (11 R.R. at 11-53)

At the hearing on the motion to suppress, Officer Wickson never testified as to how and investigative stop turned into an arrest of Constantino Morales and an inventory search of his vehicle resulting in the discovery of drugs. (11 R.R. at 53-71) Officer Wickson never testified that Constantino Morales was under arrest when Officer Wickson conducted the inventory search. (11 R.R. at 53-71) Officer Wickson never testified about the inventory search procedures of the Cleburne Police Department. (11 R.R. at 53-71) Officer Wickson never testified that he was

using an inventory sheet during his alleged inventory search. (11 R.R. at 53-71)

Officer Wickson never testified as to how and investigative stop turned into an

arrest of Constantino Morales and an inventory search of his vehicle resulting in

the discovery of drugs. (11 R.R. at 53-71)

Officer Wickson testified that he had to turn the I-Pad Mini on and search

through a series of screens and settings in order to discover the name of Daniel

Martinez in the I-Pad Mini. ( 11 R.R. at 68) and determined the I-Pad Mini was

stolen. Officer Wickson testified that he did not have a warrant to search the I-pad

mini found in the console of the tan Chevrolet Silverado. ( 11 R.R. at 68)

A true inventory search is one conducted by an officer or his agent, using a

standard inventory form prepared pursuant to standard procedures. *Gill v. State*,

625 S.W.2d 307, 319 (Tex. Crim. App. 1981) opinion on rehearing overruled on

other grounds, 726 S.W. 2d 107(Tex. Crim. App 1987) An inventory is lawfully

done when it is conducted in accordance with standard police procedure. The

burden is on the State to show compliance with standard procedure. *Ward v. State*

, 659 S.W. 2d 643, 646 (Tex. Crim. App. 1983); *Moberg v. State* 810 S.W. 2d 190,

195 (Tex. Crim. App. 1991) Suppression of evidence upheld because contraband

discovered in an inventory search not performed according to standardized

procedures memorialized in written policy of the police department. *State v.*

*Stauder*, 264 S.W.2d 3d 360, 364 (Tex. App. – Eastland 2008) The failure to

29

provide evidence that an inventory search was conducted pursuant to a standard procedure invalidates the search even if the authority to inventory existed. *Gauldin v. State* 683 S.W.2d 411, 415 (Tex. Crim. App. 1984) Further, the State has the initial burden of asserting the inventory exception to the warrant requirement; the appellate court will not apply it sua sponte if it is not raised in the trial court. *Carver v. State*, 746 S.W.2d 869, 872 (Tex. App. Houston [14th Dist.] 1988 pet. ref.)

The trial court denied the motion to suppress. (11 R.R. at 85) The trial court entered written findings of fact and conclusions of law. (1 C.R. at 137)

The trial court erred in finding 6. that Constantino Morales had outstanding warrants and was arrested. Officer Alexander did not testify at the motion suppress hearing that Constanino Morales had two outstanding warrants and was arrested the night of August 31, 2015. (11 R.R. at 11-53) Officer Wickson did not testify, at the motion suppress hearing, that Constanino Morales had two outstanding warrants and was arrested the night of August 31, 2015. (11 R.R. at 53-71)

The trial court erred in finding 7. that the Cleburne Police Department was lawfully inventorying the vehicle at the time the methamphetamine was located. Officer Alexander never testified about the inventory search procedures of the Cleburne Police Department. (11 R.R. at 11-53) Officer Alexander never testified

that he was using an inventory sheet during his alleged inventory search. (11 R.R. at 11-53) Officer Alexander never testified as to how and investigative stop turned into an arrest of Constantino Morales and an inventory search of his vehicle resulting in the discovery of drugs. (11 R.R. at 11-53)

Officer Wickson never testified as to how and investigative stop turned into an arrest of Constantino Morales and an inventory search of his vehicle resulting in the discovery of drugs. (11 R.R. at 53-71) Officer Wickson never testified that Constantino Morales was under arrest when Officer Wickson conducted the inventory search. (11 R.R. at 53-71) Officer Wickson never testified about the inventory search procedures of the Cleburne Police Department. (11 R.R. at 53-71) Officer Wickson never testified that he was using an inventory sheet during his alleged inventory search. (11 R.R. at 53-71) Officer Wickson never testified as to how and investigative stop turned into an arrest of Constantino Morales and an inventory search of his vehicle resulting in the discovery of drugs. (11 R.R. at 53-71)

The trial court erred in finding 8 that the Cleburne Police Department had probable cause to search the vehicle. Officer Wickson searched an electronic device (I-Pad Mini) without a warrant in violation of *Riley v. California*, 573 U.S. ___, 134 S. Ct. 2473, ___L.Ed.___ (2014) The I-Pad Mini and all testimony related thereto should have been suppressed. The officers did not testify to

31

anything else that could constitute probable cause to search the tan Chevrolet Silverado.

The trial court did not make a finding that the inventory was conducted in accordance with written policies and procedures of the Cleburne Police Department. (1 C.R. at 137-140)

Further, the trial court erred in denying Appellant's motion to suppress due to the State failing to properly preserve evidence, the tan Chevrolet Silverado thereby preventing Appellant from reviewing the vehicle for exculpatory evidence such as finger prints. Under the due course of law provision of Art. 1, Section 19 of the Texas Constitution. The State has the duty to preserve material evidence which has apparent exculpatory value, encompassing both exculpatory evidence and evidence that is potentially useful to the defense regardless of whether bad faith was involved in the loss or destruction of the evidence. *Pena v. State*, 226 S.W. 634, 651 (Tex. App. – Waco 2007), rev'd on other grounds 285 S,W.3d 459, 465 (Tex. Crim. App. 2009)   The due course of law provision of Art. 1, Section 19 of the Texas Constitution provides greater protection than the federal due process clause. *Pena* at 651-53

The court erred in denying Appellant's motion to suppress. The motion should have been granted and the methamphetime evidence suppressed.  Without the methamphetamine evidence the jury could not have convicted Appellant of

County One - possession of a controlled substance with intent to deliver more than 4 grams but less than 200 grams.

## *CONCLUSION*

In conclusion, The evidence presented at trial is legally insufficient to support a conviction of possession of a controlled substance with intent to deliver more than 4 grams but less than 200 grams.

The Court erred in in denying Appellant's due process rights to a fair trial in front of a neutral and detached judge. The trial judge became an advocate of the State.

The Court erred by denying Appellant's motion for mistrial.

The Court erred in in denying Appellant's motion to suppress. The methamphetamine should have been suppressed. Without the methamphetamine evidence, Appellant could not have been found guilty of possession of a controlled substance with intent to deliver more than 4 grams but less than 200 grams.

The Court showed reverse the judgment of conviction and acquit Appellant or remand the case for a new trial.

## PRAYER

WHEREFORE, for the above and foregoing reasons, Appellant respectfully prays that upon appellate review, the Court of Appeals reverse the judgment of conviction and render an acquittal or remand the case for a new trial.

Respectfully submitted,

Rugeley & Associates, P.C.
Attorneys At Law
16 N. Caddo
Cleburne, TX 76033
Tel: (817) 641-4055
Fax: (817) 641-0003

By: /s/ Lane E. Rugeley
   State Bar No. 24003995
   Email: laner@rugeleylaw.com
   Attorney for Constantino Rios Morales

## CERTIFICATE OF SERVICE

This is to certify that on September 28, 2015 a true and correct copy of the above and foregoing Appellate Brief was served on the Johnson County District Attorney's Office, 204 South Buffalo Ave., Cleburne, Texas 76033, by e-mail and to Constantino Rios Morales by Certified Mail/RRR.

/s/ Lane E. Rugeley

## CERTIFICATE OF COMPLIANCE

At the request of the Court, I certify that this submitted email attachment complies with the following requests of the Court:

1.  This filing is labeled with or accompanied by the following information:

    a.   Case Name: Constantino Rios Morales v State
    b.   The Docket Number:     06-15-00125-CR
    c.   The Type of Brief: Brief of Appellant
    d.   The Word Processing Software and Version Used to prepare the filing:
         Microsoft Word 2010 converted to PDF by Adobe XI Standard

2.  This email attachment contains only an electronic copy of the submitted filing and does not contain any appendices, any portion of the appellate record (other than a portion contained in the text of the filing) hypertext links to other material, or any document that is not included in the filing.

    The document contains 7136 words and complies with TRAP 9.4

3.

    The electronic filing is free of viruses or any other files that would be disruptive to the Court's computer system.  The following software, if any, was used to ensure the filing is virus-free: Norton.

4.  I understand that a copy of this filing will be posted on the Court's web site and becomes part of the Court's record.

5.  Copies have been sent to all parties associated with this case.

/s/ Lane E. Rugeley                                    September 28, 2015
_____     _____
(Signature of filing party)                            Date
Lane E. Rugeley
Rugeley & Associates, P.C.
Attorneys at Law
16 N. Caddo
Cleburne, Texas  76031